# IN RE ESTATE OF JOSEPHINE BRINCKWIRTH v. HARRY TROLL, Public Administrator, Appellant.

### Division One, January 4, 1916.

1. **PUBLIC ADMINISTRATOR: Power to Take Charge of Estate.** The mere fact that a public administrator takes charge of an estate by filing notice in the office of the clerk of the probate court gives him no greater authority or a more secure right to administer it than he would have were he appointed by the probate court, and no greater authority or right to administer the estate than any other person appointed administrator by the probate court would have.

2. ————: **Probate of Will: After Filing of Notice.** Upon the discovery and probate of a will of deceased after the filing by the public administrator with the clerk of the probate court of notice that he has taken charge of the estate, all his authority and right to administer the estate ceases *ipso facto* and by operation of law; and an order of the probate court vacating the authority assumed by him to act is useless and unnecessary, but one appointing another suitable person administrator with the will annexed is valid. There is no reason why the statute (Sec. 47, R. S. 1909) declaring that "if, after letters of administration are granted, a will of the deceased be found, and probate thereof granted, the letters shall be revoked, and letters testamentary, or of administration, with the will annexed, shall be granted" should not apply to a public administrator who takes charge of an estate under section .305.

3. ————: ————: **Notice of Vacation of Assumed Authority.** The order of the probate court revoking the authority of the public administrator to administer an estate, made after the discovery and probate of decedent's will, is not void on the theory that he was entitled to notice of the court's intention to make the order, for two reasons: first, because, having before the discovery and probate of the will, filed his notice with the clerk of the probate court that he had taken charge of the estate, he was already in court, and is required by law to take notice of all papers, documents, etc., filed in the case, except where actual notice is required by statute; and, second, because he had no vested right, as public administrator, to a hearing, his assumption to act being conditional upon the discovery and probate of the will, and upon that condition happening his right to further administer the estate *ipso facto* ceased, without any order of revocation.

4. **ADMINISTRATION: Priority: Discretion of Court.** Notwithstanding the provisions of section 15, Revised Statutes 1909, naming certain persons entitled to priority to administer estates, upon the discovery and probate of a will which names no one as executor, the probate court may, in the exercise of its sound discretion, and in the face of certain circumstances named in the statute, appoint the public administrator, administrator with the will annexed; but it is not compelled to appoint him, and, if some one else is appointed, no statutory right of his is violated.

Appeal from St. Louis City Circuit Court.—*Hon. Irvin B. Barth,* Judge.

AFFIRMED.

*Marshall & Henderson* for appellant.

(1)   An order of the probate court is not necessary for the public administrator to take charge of an estate.   When he files his notice his act is independent of the probate court.   The filing of notice in the office of the clerk of the probate court is sufficient to vest him with administration and he is not required to set out or prove facts which give him a right to administer. His relation to the estate thereafter is the same as if he had taken charge under order of the probate court. Vermillion v. LeClare, 89 Mo. App. 55; Leeper v. Taylor, 111 Mo. 312; In re Hill, 102 Mo. App. 620; Tittman v. Edwards, 27 Mo. App. 495.   (2)   Where an executor is disqualified or renounced, administration is granted the same as if there were an intestacy.   In the absence of heirs entitled to preference, the public administrator must be appointed.   In re Garber, 74 Cal. 338; In re Richardson's Estate, 120 Cal. 344; Speckles v. Public Administrator, 1 Demarest's Rep. (N. Y.) 475; Anderson Committee v. Anderson, 170 (Ky.) S. W. 213. (3) The right of the public administrator to administer as administrator with the will annexed is superior to the nominee of the next of kin disqualified to administer.   In Matter of Blank, 2 Redf. Rep. 443.   (4)   The

probate court may appoint the public administrator notwithstanding an expressed wish of deceased, or next of kin, for appointment of another. In re Morgan Estate, 53 Cal. 243; Estate of Hyde, 64 Cal. 228; Hendlee v. Cloud, 51 Mo. 301. (5) The public administrator has authority to take charge of an estate under the Missouri statutes, and he continues in charge until superseded by one having a superior right to administer. Car & Foundry Co. v. Anderson, 211 Fed. 301; Richardson v. Busch, 198 Mo. 175. (6) The public administrator has a right to continue administration upon an estate, notwithstanding the probate court had appointed some one else administrator and had ordered him to turn over the estate to the administrator appointed. Warren v. Carter, 92 Mo. 288; State ex rel. v. Holman, 93 Mo. App. 611. (7) The public administrator is an officer within the purview of the Constitution. His authority to administer is a right conferred upon him by law. The Constitution provides that no person shall be deprived of property without due process of law. Due process of law is construed to be a reasonable notice and opportunity to be heard in defense of one's rights. The right to exercise the office of public administrator in administering estates is a right which constitutionally cannot be taken away without notice and an opportunity to be heard in defense of his rights. This is a rule of law even where the statute fails to provide for notice. State ex rel. v. Holtcamp, 245 Mo. 655; State ex rel. v. Walbridge, 119 Mo. 383; State ex rel. v. Maroney, 191 Mo. 531; Hunt v. Searcy, 167 Mo. 170.

*Schnurmacher & Rassieur* for respondents.

If, after granting of letters of administration on the ground of intestacy, a will of the decedent be duly proved up and admitted to probate, the letters of administration are thereby revoked; or, at least, must be revoked and the powers of the administrator cease.

Thomas v. Morrisett, 76 Ga. 384; Re Davis Estate, 11 Mont. 196; Dalrymple v. Gamble, 66 Md. 298; 1 Woerner's Am. Law of Adm., sec. 268.

WOODSON, J.—The statement of the facts of this case is very brief and as well or better made by counsel for respondent than I can do, and for that reason I adopt it as my statement of the case, which is as follows:

This is an appeal from the judgment of the circuit court of the city of St. Louis, approving the action of the probate court of said city in vacating the authority of Harry Troll, then Public Administrator, and thereupon appointing John G. Grone and Henry Griesedieck, Jr., administrators, with the will annexed, of the estate of Josephine Brinckwirth, deceased.

Josephine Brinckwirth died March 29, 1911. She was a resident of the city of St. Louis at that time and left an estate which, it was admitted upon the trial, exceeds $200,000 in value. She was a widow and her heirs at law were three minor children. John G. Grone, one of the respondents, is a brother of the deceased, and Henry Griesedieck, Jr., the other respondent (who died pending this appeal), was a brother-in-law of the deceased.

On March 30, 1911, Harry Troll, as Public Administrator of the city of St. Louis, filed notice that he took charge of the estate of said decedent, doing so on the supposition that she had died intestate.

On the next day, March 31, 1911, the will of Josephine Brinckwirth was presented for probate and was duly admitted to probate by the probate court of the city of St. Louis; and the will having been so admitted of probate, under section 47, Revised Statutes 1909, the court vacated the authority assumed by the Public Administrator, and appointed Grone and Griesedieck as administrators, with the will annexed, and they duly qualified as such.

Thereupon the Public Administrator took an appeal to the circuit court. In that court a trial *de novo* was had, with the result that the circuit court took the same action which had been taken by the probate court, and refused to set aside the appointment of Grone and Griesedieck. After an unavailing motion for new trial, the Public Administrator brought the case here by appeal.

Section 47 of the Administration Act, above referred to, reads as follows:

"If, after letters of administration are granted, a will of the deceased be found, and probate thereof granted, the letters shall be revoked, and letters testamentary, or of administration, with the will annexed, shall be granted."

I. There are but two legal propositions presented by this record for determination, and counsel for Public appellants present their side of the first Administrator. in the following language:

"An order of the probate court is not necessary for the Public Administrator to take charge of an estate. When he files his notice his act is independent of the probate court. The filing of notice in the office of the clerk of the probate court is sufficient to vest him with administration and he is not required to set out or prove facts which give him a right to administer. His relation to the estate thereafter is the same as if he had taken charge under order of the probate court.

"The Public Administrator has authority to take charge of an estate under the Missouri statutes, and he continues in charge until superseded by one having a superior right to administer."

In support of their position the following authorities are cited: Vermillion v. LeClare, 89 Mo. App. 55, l. c. 60; Leeper v. Taylor, 111 Mo. 312; In re Estate of Hill, 102 Mo. App. l. c. 620; Tittmann v. Edwards,

27 Mo. App. 495; American Car & Foundry Co. v. Anderson, 211 Fed. 301; Richardson v. Busch, 198 Mo. 174.

These cases, with the exception of the Hill case, substantially hold what is contended for by counsel for appellant; but notwithstanding the ruling there announced the mere fact that the Public Administrator took charge of the estate mentioned under section 305, Revised Statutes 1909, and undertook to administer it, certainly gave him no greater authority or more secure rights in that regard than he would have acquired had he been appointed by the probate court under section 9, Revised Statutes 1909.

That being true, then in my opinion, the position of counsel for appellant is not inconsistent with, nor does it militate in the least against the contention of counsel for respondent regarding this proposition, which is stated in this language:

"If, after granting of letters of administration on the ground of intestacy, a will of the deceased be duly proved and admitted to probate, the letters of administration are thereby revoked; or at least must be revoked and the powers of the administrator cease."

This contention of counsel is precisely what section 47, Revised Statutes 1909, provides shall be done when the ordinary administrator is appointed, and subsequent thereto a will is discovered and duly admitted to probate.

This statute seems to be so clear in meaning that there can be no room for construction. However, similar statutes of other States have been before the courts of those States, which hold they mean just what they say. [Thomas v. Morrisett, 76 Ga. 384; Re Davis' Estate, 11 Mont. 196; Dalrymple v. Gamble, 66 Md. 298; 1 Woerner's American Law of Administration, sec. 268.]

And as previously stated, there is no rule or reason why this same statute should not also apply to a

public administrator who takes charge of an estate under said section 305. [State ex rel. v. Wilson, 216 Mo. 215; Tarkio Drainage District v. Richardson, 237 Mo. l. c. 64.]

This proposition is therefore ruled in favor of the respondent.

II.   Counsel for appellant next insist that the order of the probate court revoking the authority of the Public Administrator to administer the estate was void because he was not notified of the court's intention to make the order.

Notice.

This insistence is clearly untenable, for two reasons: first, because he was in court all the time, and had to take notice of all papers, documents, etc., filed in the case where actual notice is not expressly required by statute.

In this case the will was filed, proved and duly probated; and there is no statute which in express terms or by necessary implication required appellant to be notified of said contemplated order.

The second reason why appellant was not entitled to such notice is because he had no vested right, as such Public Administrator, which entitled him to a hearing. His appointment, as such administrator, or rather his assumption of authority under the statute to act as such, was conditional, which depended upon the subsequent discovery and probate of the will referred to in said section 47; and when that contingency happened his right to further administer the estate under section 305 ceased *ipso facto,* and he could proceed no further therewith, for the obvious reason from that time on the estate had to be administered according to the terms of the will and not according to any statute, and before that could be done letters testamentary or of administration with the will annexed had to be issued by the probate court before anyone

could lawfully proceed further with the administration.

While the probate court, in such a case, if not prohibited by sections 15 and 19, Revised Statutes 1909, the first providing for the priority of persons entitled to administer upon estates, and the second prescribing when letters testamentary with the will annexed shall be granted, the probate court may in its sound discretion issue letters of administration with the will annexed to the public administrator, yet there is no law which commands or reason which suggests that such should be done as a rule. In individual cases, under certain circumstances, the court might very justly select him instead of anyone else connected with the estate or the parties interested therein. But by no means does that follow as a matter of law. In such cases as this; and in all cases arising under said section 47, the probate court is at liberty to exercise its wise and sound discretion as to whom it will grant letters of administration with the will annexed, limited, of course, by the provisions of sections 15 and 19, before mentioned.

While the probate court of the city of St. Louis, as a matter of form, or probably for the purpose of making its record fair upon its face, made the useless order revoking the authority of the appellant to proceed further with the administration of the estate after the probate of the will, yet it is perfectly clear that no such order of revocation was necessary, for the reason before stated, that when the will was probated, then by operation of said section 47, his authority to further act ceased *ipso facto*. This being unquestionably true, as it seems to us, then it would be idle talk and illogical to contend that the appellant was entitled to notice of the court's intention to make said formal order for the purpose of keeping its records fair.

In discussing the same question the Supreme Court of Montana, in the case of Re Davis' Estate, supra, l. c. 213, said:

"While the law required inquiry to be made as to whether decedent left a will, and makes the right to grant letters of- general administration dependent on the fact that according to the proof obtainable decedent left no will [which is also the case in Missouri], it does not require that the court shall soloemnly determine by judgment that decedent died intestate. For the statute leaves the question open for the propounding of a will at any time, and the admission of a will to probate, *ipso facto,* supersedes and vacates the grant of letters of general administration."

And in the case of Thomas v. Morrisett, 76 Ga. 384, syl. 3, the Supreme Court of Georgia held that:

"No general administration upon an estate should have been granted in this State, where there was a will in existence which was afterwards proved and admitted to record; and if such administration has been granted in this State, and afterwards a will has been established, this would work a revocation, except as to such portions of the estate as had been fully administered prior to the production and probate of the will."

In the last case cited a general administration had been granted and afterwards a will was produced which had been admitted to probate in the State of Alabama. This raised the question of the validity of the order granting said administration. At page 388 of its opinion the court says:

"Conceding to this judgment in our courts the full faith and credit to which it is entitled by the law and usage of the courts of Alabama, we agree with the superior court that no . general administration should have been granted on an estate when there was a will in existence, which was afterwards proved and admitted to record. This is a well settled principle,

266Mo.31

recognized both by judicial decisions and text-writers. In Fields v. Carlton, decided at the last term of this court, 75 Ga. 554, we held that, where a will had been proved in this State, a grant of administration upon the estate was void, and to this effect was the decision of the Supreme Court of the United States in Griffith v. Frazier, 8 Cranch, 9, and to these many others might be added, but it would be unnecessary labor, as there is not an authority which questions the point there ruled. Applied to an administration granted before a will, which was afterwards established, was discovered, the same principle would work its revocation, except as to such portions of the estate as had been fully administered prior to its production and probate.''

The same ruling was announced by the Supreme Court of Maryland in the case of Dalrymple v. Gamble, 66 Md. 298. The facts in that case sufficiently appear in the first syllabus (7 Atl. 683), which reads as follows:

''Where, after the appointment in Maryland of an administrator upon the estate of a resident of California, a will, which named no executor, was established and probated in California, and a copy of it was filed in the orphans' court in Maryland, which had granted administration, held, that that court had the power, in its discretion, to revoke the former letters of administration, and issue letters of administration *cum testamento annexo,* although the statute provides only for revocation of letters of administration by the issue of letters testamentary; and that such power was properly exercised without awaiting the result of a suit in equity brought by the heirs and next of kin, who claim that the devise made by the will was void, and did not operate upon the Maryland property, to determine the effect of the will.''

Discussing the legal question presented, in its opinion, that court said:

''The questions for our decision may be divided into two. The first is whether when this duly certified copy of the will, probated in California, was filed, the letters before granted to Augustine [Dalrymple] were properly revoked. . . . The answer to the first question depends upon sections 36 and 327 of article 93 of the Code. Section 36 is explicit in saying that if a will is filed, and the executor therein named shall apply within thirty days after the filing for letters testamentary, they shall be granted, and the granting of such letters shall .operate as a revocation of letters of administration previously granted. Under those circumstances the orphans' court would have no discretion in the matter. But the law is silent as to what shall be done when there is no executor named, although a will is filed. This section 36 makes no distinction between a foreign and a domestic will, and we can see no reason why any distinction should be made; and when we take into consideration section 327, we think none should be made. The will in this case is a foreign will, and professes to dispose of all the personal property; but it appoints no executor, and it is not a case, therefore, where the orphans' court are compelled to revoke. But the whole policy of our testamentary system is to commit administration to the hands of those most interested in the property. Had a will like the one in this case been filed before any administration had been granted, the orphans' court would surely have granted letters c. t. a., but not the ordinary letters of administration. But the power of the orphans' court to revoke letters improvidently granted is unquestioned. We can see no reason why that court should not have the discretion to revoke letters previously granted, and grant new letters c. t. a., upon the discovery of a will. . . . The power to administer justice would be seriously impaired if that court possessed no power or discretion to revoke let-

ters that it had previously granted upon a mistaken state of facts.'

While in the case of Tapley v. McPike, 50 Mo. 589, the question was whether or not the statute of itself, upon the probate of the will, revoked the former appointment of the administrator, or whether an order of court was necessary for that purpose; yet there the general effect of the statute was recognized and enforced in the same manner as those referred to in the cases cited.

For the reasons stated this proposition is decided against the appellant.

And for the same reason it would be equally illogical to contend or hold that the appellant would be entitled to an appeal from such a useless or formal order.

I am, therefore, clearly of the opinion that the judgment of the circuit court should be affirmed; and it is so ordered. All concur; *Bond, J.,* in paragraph one and the result.