ESTATE OF CLARIBEL DONELSON, DECEASED, CARLTON R. BENTON, PUBLIC ADMINISTRATOR, v. O. E. GORMAN, HAZEL GORMAN, LOGAN E. GORMAN AND WILMA ATER, PETITIONERS.—192 S. W. (2d) 29.

Kansas City Court of Appeals. January 7, 1946.

*Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for appellant.

*Everett R. Meyer* for respondents.

302

SPERRY, C.—Carlton R. Benton, appellant, public administrator of Jackson County, was appointed administrator of the estate of Claribel Donelson, deceased. O. E. Gorman, Hazel Gorman, Logan E. Gorman and Wilma Ater, respondents, are the father, mother, brother and sister of Claribel Donelson, deceased, and her sole and only heirs at law. On July 9, 1943, Claribel Donelson, whom we shall hereafter refer to as deceased, died from injuries received by her when struck by a street car owned and operated by the Kansas City Public Service Company, whom we shall refer to as the Company. On July 12, 1943, appellant was appointed as administrator of the estate of deceased. Thereafter, respondents filed motion in probate court seeking removal of appellant as administrator, which motion was sustained. Appellant appealed to the circuit court where, on a trial *de novo,* the motion was sustained and appellant was ordered

removed as administrator. From that judgment this appeal is prosecuted.

The relevant and material facts are not in dispute. Deceased was a resident of Jackson County, a widow, her sole heirs being respondents who were, and are, non-residents of this state. The funeral was held July 12, 1943. Respondents were in Kansas City, attended the funeral, and remained here for several days thereafter, but were not contacted by appellant or by any one for him. Appellant was appointed administrator of the estate without the knowledge of respondents. The application for appointment set out that the sole purpose of the administrator was to prosecute a cause of action for wrongful death against the Company. Deceased owned no property in this county or state and owed no debts. Appellant employed a law firm as his attorneys in said estate and contracted, with approval of the probate court, to pay said attorneys 50% of all moneys recovered as damages for deceased's wrongful death. Said attorneys took prompt and efficient steps to collect and preserve the evidence in support of a claim for damages, at substantial cost to them and to appellant. Appellant filed suit for damages, at which time negotiations, looking toward settlement of a claim for damages, were being conducted between respondents and the Company. Respondents were then being represented by capable legal counsel and were wholly unaware of appellant's status or connection with the matter. When the Company was summoned in the suit filed by appellant it discontinued negotiations for settlement.

Respondents seek affirmance of the judgment on the grounds that the probate court had no power to appoint appellant. He was appointed in his official capacity as public administrator. [State ex rel Russell v. Mueller, 60 S. W. (2d) 48, l. c. 49.] The validity of his appointment and power must be measured with that fact in mind. The question presented is new in this state.

Article 13, Chapter 1, Revised Statutes Missouri 1939, provides for the election, and prescribes the duties and powers, of appellant. Section 299 enumerates and describes the conditions and situations under which a public administrator may be eligible to act in his official capacity. Unless the facts are such as would have justified the appointment under one of the provisions enumerated in the statute, the appointment was made without legal authority and the judgment should be affirmed. [In re Landgraf's Estate 168 S. W. 268, l. c. 269, 270.]

The language of the statute is clear and unambiguous. Under no condition enumerated therein may a public administrator exercise the functions of his office in respect to deceased persons, either on his own motion or by reason of a prior appointment made by the prbate judge, as in the case at bar, except there be an estate of which he may take charge. That is what the statute says and we cannot read into

304

it something that is not there. If it ought to be broader in its scope it is a matter for the attention of the Legislature. [Demattei v. Missouri, Kansas, Texas R. S. Co., 139 S. W. (2d) 504, l. c. 505.]

Appellant concedes that deceased left no estate unless the cause of action for wrongful death constitutes an asset which was left by her and which became a part of her estate. "Estate" has been defined as: The interest which any one has in lands or in any other subject of property, and damages for wrongful death, is not, a part of decedent's estate. [Williams v. C. B. & Q. R. R. Co., 169 Mo. App. 468, l. c. 472, 473.]

A cause of action for wrongful death, such as exists in the case at bar, did not exist at common law. "Such a cause of action is purely a creature of statute." [Demattei v. R. R., *supra*.] It is created by Section 3652 Revised Statutes Missouri 1939, particularly the fourth condition thereof.

In Demattei v. R. R., *supra*, l. c. 506, the court said:

"The fourth condition under which an action may be maintained is as follows: 'If there be no husband, wife, minor child or minor children . . . then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent. . . .'

". . . It is held everywhere, however, that a cause of action of the class here under consideration is not assets of the estate of deceased, is not subject to the claims of creditors of the deceased, and is for the exclusive benefit of the persons designated as beneficiaries under the law which gives the right."

There follows a long list of authorities in support of the declaration there made. (See Cummins v. K. C. Public Service Company, 66 S. W. (2d) 920 for a thorough discussion of the historical background of the statute. There seems to be no question but that this is the law and appellant does not directly challenge this fact. We, therefore, hold that appointment of appellant was improvidently made without authority of law.

Appellant contends, nevertheless, that the appointment was not void but voidable only; that appellant is entitled to have his fees and expenses allowed; and he urges that we reverse the judgment and remand the cause with directions that evidence be heard and reasonable allowance made for the above items.

Since we have held that the appointment was made without authority of law, it follows that the order was void.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.