In the Matter of the ESTATE of Joseph B. BLOOMER, Deceased.

Dave BLOOMER et al., Appellants,

v.

Ruth Hays CAPPS, Administratrix, Respondent.

No. KCD 27453.

Missouri Court of Appeals, Kansas City District.

Oct. 6, 1975.

Edward R. Jayne, Kirksville, for appellants.

Vance R. Frick, H. Parker York, Kirksville, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

This is an appeal from the judgment of the Circuit Court of Adair County, Missouri denying the application of appellants to remove the respondent, Ruth Hays Capps, as Administratrix, with the will annexed, of the Estate of Joseph B. Bloomer, deceased.

The parties presented this matter to the court below upon a stipulation of facts and various documents and court records, the pertinent parts of which may be summarized as follows:

The decedent, Joseph B. Bloomer, executed his Last Will and Testament on September 8, 1952, wherein he named Ruth Hays as his sole beneficiary, and Lawrence Miranda, a nephew (a resident of Illinois) as his Executor. At the time of the execution of this will, he was not married to Ruth Hays but thereafter and on April 19, 1954, he and Ruth Hays were married and remained so until November 12, 1954, on which date they were divorced. Prior to the divorce and on September 24, 1954, the decedent and his wife, Ruth Hays Bloomer, entered into a property settlement agreement. Thereafter, she remarried and became Ruth Hays Capps, respondent herein.

On October 26, 1967, Joseph Bloomer was declared incompetent and one Russell D. Roberts, an attorney, was appointed his Guardian. On October 29, 1969, Joseph Bloomer died, and on November 24, 1969, Russell D. Roberts was appointed Administrator of his estate. On December 1, 1969, Roberts made final settlement as Guardian and turned the assets of the decedent, held by him in that capacity, over to himself as Administrator of the Estate of Joseph Bloomer.

On January 29, 1970, the Bloomer will of September 8, 1952 was filed for probate. So far as this record discloses, this was decedent's last will and testament. On April 20, 1970, Ruth Hays Capps filed application for appointment as administratrix with the will annexed, the will was admitted to probate, and letters testamentary were granted to her. On May 21, 1970, the day proof of publication of letters to respondent was filed, Russell Roberts filed his final settlement as Administrator, turned the estate assets over to respondent, and on May 22, 1970, he received his order of discharge and release.

On October 20, 1970, the appellants herein, the heirs at law of Joseph Bloomer, filed their petition to remove the respondent as Administratrix, which petition alleged, in substance, that she had wrongfully procured her appointment by falsely stating in her application that she was the sole beneficiary of the estate of the decedent, whereas, by reason of her divorce from decedent and the operation of Section 474.420 RSMo 1969, and by reason of the property settlement she had made with decedent, she had no interest in nor right to administer the estate of decedent. Further, the petition alleged that since no contingent beneficiaries were named in the will, the appellants, heirs at law of the decedent, were the sole and only beneficiaries of the estate and were therefore entitled to request the naming of an administrator of their choice.

On February 22, 1971, the Probate Court of Adair County entered its order finding that none of the specific grounds for removal of an administrator as set forth in Section 473.140 RSMo 1969 existed, applicable to respondent; that she was qualified to act; and, denied the petition. The court carefully (and properly) avoided any ruling on whether or not the respondent was entitled to take under the terms of the Bloomer will, or was prevented from doing so, by reason of the provisions of Section 474.420 RSMo 1969, or of the property settlement agreement made by decedent and respondent in contemplation of divorce in 1954, but decided that such problems should properly be raised by objections to the Administratrix's Petition for Final Distribution. It is clear that the court based its ruling upon the limited considerations of whether the respondent was qualified to act and whether statutory reason had been shown to warrant her removal as Administratrix.

On Appeal to the circuit court, no additional evidence was adduced, but the matter was submitted upon the stipulated facts and record in the probate court. On February 25, 1974, the court entered its judgment, finding that the decedent left no surviving spouse or other person entitled to distribution of the estate living in Missouri or qualified to act as administrator, and that no lawful cause had been shown for the removal of respondent as Administratrix and denied the petition seeking her removal.

*Ex gratia,* it would seem, the court also found that respondent "has no interest in the estate as an heir, legatee or beneficiary;". The jurisdiction to make such finding in an orderly process of administration of estates would rest initially in the probate court upon finding of heirship and order of final distribution (Section 473.617 RSMo 1969) and would be pertinent or appropriate in this matter only as it might affect the charge that respondent's appointment had been improperly obtained by her alleged "false" statement, that she was the "sole beneficiary of the (Bloomer) estate".

The finding of the circuit court that respondent had no interest as a beneficiary

clearly went beyond the issues presented by the petition for her removal as administratrix, and this court does not undertake to make such determination. This proceeding is limited to the sole and narrow issue of respondent's right to serve as Administratrix of the estate.

■ The appellants' *first point* is that the appointment of the respondent as Administratrix of the Bloomer Estate was void for the reason that it was made at a time when there was no vacancy in the office in that Russell D. Roberts was then the duly appointed, qualified and acting administrator of the estate. There is no merit in this contention.

Section 473.143(1) RSMo 1969 provides: "Revocation of letters on finding will

1. If, after letters of administration are granted, a will of the deceased is found, and probate thereof granted, the letters shall be revoked, and letters testamentary granted."

This statute was first enacted before Missouri became a state, Territorial Laws, 1807, p. 135, Section 39, and has remained substantially unchanged since that time.

In the case of *Brinckwirth's Estate v. Troll,* 266 Mo. 473, 181 S.W. 403 (1916), the Missouri Supreme Court interpreted the effect of Section 47 RSMo 1909, the precursor of Section 473.143(1), in a case involving the right of a Public Administrator to continue administration of a decedent's estate after a will had been found, admitted to probate, and an administrator with the will annexed appointed. As to the effect of that statute, the court said (lc. 404–405 of 181 S.W.):

"While the probate court of the city of St. Louis, as a matter of form, or probably for the purpose of making its record fair upon its face, made the *useless order* revoking the authority of the appellant to proceed further with the administration of the estate after probate of the will, yet it is perfectly clear that no such order of revocation was necessary, for the reason before stated, that, *when the will was*

*probated, then by operation of said section 47 his authority to further act ceased ipso facto.*" (Emphasis supplied)

This interpretation of the effect of the statute as decided in *Brinckwirth's Estate* has not been overruled, modified or even criticized by any appellate court in Missouri and, of course, is applicable and controlling in the case at bar, as to appellants' first point.

So applied, the rule in *Brinckwirth's Estate* compels the conclusion that when the will of decedent, Joseph B. Bloomer, was admitted to probate and the respondent was appointed administratrix with the will annexed, all authority of the then administrator, Roberts, to proceed further in the administration of the estate, ceased, *ipso facto,* and at that time, all that remained to be done was for him to engage in the orderly transfer of the assets of the estate to the new administratrix and for his discharge.

The record of stipulated facts discloses that this transition was prompt and uneventful. After the appointment of respondent as Administratrix, C.T.A., on April 20, 1970, it appears that the statutory notice of the granting of these letters was published. Upon the filing of the proof of this publication on May 21, 1970, the former administrator, Roberts, filed his final settlement, delivered the assets of the estate to respondent, and on May 22, 1970, he received his discharge and release. During that 30-day period, none of the appellants appeared, objected to the proceedings, or in anywise asserted their present position. Indeed, so far as this record discloses, no claim was then made (nor has such been made since) that the document filed was not, in truth and fact, the last will and testament of Joseph B. Bloomer. It was not until October 20, 1970, some five months thereafter, that the appellants took any action by filing their petition to remove the respondent as administratrix, which motion constitutes the basis for the rulings of the courts below.

In support of their position on this point, appellants cite the cases of *State ex rel. Ramsey v. Green,* 17 S.W.2d 629 (Mo.App. 1929) and *Donelson's Estate v. Gorman,* 239 Mo.App. 300, 192 S.W.2d 29 (1946). These authorities have been carefully examined and are found not to be in point, nor, therefore, authoritative in this matter. Neither involved the application of Section 473.-143(1). *State ex rel. Ramsey* involved the right of and procedures necessary for executors to voluntarily *resign,* and *Donelson's Estate* involved the authority of a Public Administrator to function as such when the only "asset" of the estate was an unliquidated cause of action for wrongful death.

This point must be ruled against appellants upon the clear terms of Section 473.-143(1), and the clear and unassailed authority of *Brinckwirth's Estate.*

■ The *second point* raised by appellants is that the appointment of respondent as administratrix of the Bloomer estate was illegal, in that it was based upon her *false statement* that "she was the sole beneficiary of the estate" and that, therefore, the appointment should be revoked. This charge is not supported by the record on this appeal.

The respondent's application for Letters states that she is "sole beneficiary under the will of Joseph B. Bloomer" and, indeed, she was, since she was so named (as Ruth Hays) before her marriage to and subsequent divorce from Bloomer. But appellants brand this statement as false and disqualifying because of their interpretation of the legal impact of Section 474.420 RSMo 1969 upon the facts in this case. That statute provides, inter alia:

"If after making a will the testator is divorced, all provisions in the will in favor of the testator's spouse so divorced are thereby revoked but the effect of the revocation shall be the same as if the divorced spouse had died at the time of the divorce. * * *"

Many perplexing problems immediately arise as to the meaning of this statute and its affect on the ultimate right of respondent to take under the Bloomer will. These problems, however, need not be and are not decided here. The present action is not the proper vehicle for such decision. The appellants charge respondent with false statements in procuring her appointment as administratrix, based upon their interpretation of this statute, not yet properly raised nor adjudicated under the facts before this court. Even if their legal position may ultimately be vindicated, the statement in respondent's application for appointment as to her relationship to the estate, was, at most, a misstatement of law and not of fact, and forms no valid basis for the charge that she made a false statement nor for her removal from office.

What has been said regarding the statute applies with equal force to the charge of false statements because of the property settlement contract, the legal effect of which also remains for future determination. Further facts regarding both the execution of the contract and the divorce proceedings may be necessary and proper, if and when the issue of respondent's right to inherit under the Bloomer will is ever directly and properly raised in the probate court.

■ Appellants raise no other specific grounds for disqualification of the respondent, as set forth in Section 473.140 RSMo 1969. Neither is it claimed that another person is entitled to preference under the provisions of Section 473.110 RSMo 1969. Indeed, in the matter of preference, it is admitted that Bloomer did not leave a wife and that all of his heirs at law (appellants) are disqualified to act because they are not residents of Missouri. Under these conditions, the probate court is granted broad discretion in the appointment of "a person deemed suitable". Section 473.113 RSMo 1969; *State ex rel. Gregory v. Henderson,* 230 Mo.App. 1, 88 S.W.2d 893, 904[3, 4] (1935).

■ The record fails to show that the probate court based its appointment upon

the allegedly "false statement" of respondent. On the hearing on the application to revoke her letters, the probate court's findings necessarily include its conclusion that the respondent is a suitable and competent person to administer the Bloomer estate and that no cause appeared for her removal, and the circuit court affirmed this finding. No abuse of discretion is shown either in her appointment or the courts' refusal to remove her.

The authorities relied upon by appellants are not in point. *Rookstool v. Neaf,* 377 S.W.2d 402 (Mo.1964), involved an action for specific performance of an alleged oral contract to keep mutual reciprocal wills in force after a divorce. The court there held that the alleged contract was barred by the Statute of Frauds and that no partial performance sufficient to take the oral contract outside the statute was shown. The court also held that since wills are ambulatory, the provisions of Section 474.420 RSMo 1969 were applicable to wills executed before its effective date where the death of the testator occurred thereafter.

In *State ex rel. Couch v. Kelso,* 217 S.W.2d 596 (Mo.App.1949) the public administrator was appointed to administer decedent's estate within a few days after death, upon the representation that there were no heirs entitled to statutory priority. It was shown by the evidence, however, that there was an heir—competent, suitable, seeking such appointment, and entitled to priority. A writ of mandamus to compel the probate court to revoke the letters of the public administrator was made absolute, the court holding that his appointment was "unseemingly hasty" and illegal.

The appellants also cite *Donelson's Estate v. Gorman, supra,* involving the propriety of the appointment of a public administrator where the only asset was a claim for wrongful death.

These authorities are not persuasive under the facts in this case. The appellants' second point is ruled against them.

■ The *third* and last *point* urged by appellants is, that the probate court has the inherent power and duty to remove an administrator whose appointment is void or improvidently made, and it is not necessary that grounds for removal under Section 473.140 RSMo 1969 be shown. The thrust of this argument is that the appointment of an administrator where there is no vacancy and based upon false statements invokes this inherent power and duty.

Unquestionably, this inherent power and duty resides in the probate court and should be exercised in a proper case, as where the appointment is void or illegal for any reason. The exercise of this power, however, was neither appropriate nor necessary in the circumstances of this case. The discussion, authorities and rulings heretofore stated in this opinion as to the first and second points are equally determinative of appellants' third point, which is, therefore, inapplicable.

The judgment and order of the court below is modified by eliminating the finding and judgment:

> "The Court finds that Ruth Hays Capps, now serving as Administrator (sic) of this estate with Will Annexed, has no interest in said estate as an heir, legatee or beneficiary and is not entitled to appointment or to administer estate as an heir, legatee or benificiary (sic);"

and is affirmed in all other respects.

All concur.