In the ESTATE OF Lofton B.
CROOM, Deceased, Kathleen
J. Croom, Respondent,

v.

Opal BAILEY, Joann C. King, John G. Croom, Mary Sue James, Calvary Baptist Church of Hayti, Mo., and First Baptist Church of Hayti, Mo., Appellants.

No. 25100.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2003.

Motion for Rehearing or Transfer Denied
May 21, 2003.

Application for Transfer Denied
July 1, 2003.

---

J. Michael Payne, J. Brian Baehr, Limbaugh, Russell, Payne & Howard, Cape Girardeau, for appellants.

James E. Reeves, Ward & Reeves, Caruthersville, for respondent.

ROBERT S. BARNEY, Judge.

Lofton Croom died on April 13, 2001. On April 12, 2002, Carol Miller, the Public Administrator for Pemiscot County ("public administrator") filed with the Probate Division of the Circuit Court ("probate court") a copy of the purported Joint Last Will and Testament of Lofton Croom, along with copies of the purported First and Second Codicils and purported, original Third Codicil to the Will.[1] Additionally, the public administrator filed an "Application for Probate of Will," praying that after the filed instruments testamentary were proven that these instruments testamentary "be admitted to probate and recorded as the Last Will and Testament of the decedent."[2]

On April 17, 2002, Respondent Kathleen Croom, niece and legal heir of Lofton Croom, filed a Motion to Dismiss the Application for Probate relating to the purported instruments testamentary of Lofton Croom. In essence, the motion set out that the public administrator had no standing or authority to sign the "applications," and that there had been no "presentment"

---

1. The Third Codicil to the Will names, among others, Appellants Opal Bailey, Joann C. King, John G. Croom, Mary Sue James, the Calvary Baptist Church of Hayti, and the First Baptist Church of Hayti as beneficiaries. The public administrator does not appeal either in her individual or official capacity.

2. The public administrator also filed "Application for Letters," setting out the names, relationship to decedent and addresses of the heirs, heirs at law not beneficiaries, devisees and legatees of the decedent under the instruments testamentary and sought issuance of letters testamentary.

for probate because the persons entitled to distribution had a statutory preference to do so, and the public administrator was not an interested person entitled to apply for probate.

During the course of the hearing on Respondent's motion to dismiss, the facts were not disputed, and the hearing was largely devoted to the legal question of whether the probate court had jurisdiction. In its judgment the probate court determined that the "Application for Probate of the Will and Codicils were not filed by a proper person nor a person who has an interest in the probate of the Will." In dismissing the application the probate court observed that the public administrator lacked statutory authority to file such an application "in the circumstances of this estate," and determined it had no subject matter jurisdiction.[3]

In their sole point on appeal, Appellants premise probate court error in "dismissing the application for probate of will because the [probate] court had subject matter jurisdiction to consider said application in that an application for probate need not be filed by an interested person and the application satisfied all the requirements of § 473.050."[4]

In their brief, Appellants assert that neither party contends the public administrator who presented the Will was an interested person within the definition of section 472.010(15).[5] They argue that "[r]equesting letters [testamentary] and presenting the Will for probate are two entirely separate and distinct things." Appellants maintain that given the circumstances of the case, it is of no legal significance whether the public administrator presented the Will to the probate court in her official or individual capacity; indeed, they assert anybody who had knowledge of the Will in question, could have presented it for probate. They argue section 473.050, discussed herein, governs the "presentment" of a will for probate and that this statute does not require that "interested persons" only can make application for the probate of a will. Accordingly, Appellants stress that by requiring "interested persons" only present the will for probate, as that term is described in case law and statutory law, the probate court erroneously declared and applied the law.

Respondent primarily contends that case law has already settled the issue. She maintains that one who applies for probate of a will must be an "interested person," otherwise an "abuse of the Probate Code by interlopers" would result. In particular

---

**3.** " '[S]ubject matter jurisdiction' is the power to adjudge concerning the general question involved, and if a complaint states a case belonging to a general class over which the authority of the court extends, that court possesses 'subject matter jurisdiction.' " *Corning Truck & Radiator Serv. v. J.W.M., Inc.*, 542 S.W.2d 520, 527 (Mo.App.1976). "The question of subject matter jurisdiction is not . . . a fact issue, it is one of law." *Id.* "[A]ny action taken by the court lacking subject matter jurisdiction is null and void." *Brunig v. Humburg*, 957 S.W.2d 345, 348 (Mo.App.1997). "[T]he issue of the lack of subject matter jurisdiction may be raised at any time during the proceeding, even for the first time on appeal." *Id.*

**4.** Statutory references are to RSMo 2000, unless otherwise set out.

**5.** Section 472.010(15) sets out that:

> "Interested Persons" mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.

she maintains that the public administrator is a public official whose duties are defined by section 473.743, explained herein, and that under the facts of the case she had no authority to sign the application for probate.

■■■■ It has long been recognized that a "proceeding to probate a will, being governed in most, if not all, jurisdictions entirely by statute, is generally regarded as a special proceeding, and it is not an 'action' in the sense in which that word is generally used, and is not a proceeding either at common law or in equity, although it is equitable in its nature." *State ex rel. Callahan v. Hess*, 348 Mo. 388, 153 S.W.2d 713, 717 (1941) (approving and citing 68 C.J., § 596 p. 873). "The rights of a particular person to administer upon an estate of a decedent are matters which are entirely regulated by statute and the court has no discretion whatever in reference to the matter, except that which is expressly given thereby." *State ex rel. Fansher v. Guinotte*, 227 Mo.App. 902, 58 S.W.2d 1005, 1007 (1933).

"It has been repeatedly held that the probate courts have exclusive jurisdiction over the probate or rejection of wills, and the circuit courts have only derivative jurisdiction." *In Re Estate of Politte*, 460 S.W.2d 733, 735 (Mo.App.1970).

To be effective as a will, the instrument must first be presented for and admitted to probate, within statutorily defined time limits. § 473.050.1 and 3. Once presented, the will "may be exhibited to be proven, and proof received and administration granted on such will at any time after such presentation." § 473.050.4; see *Lopiccolo v. Semar*, 890 S.W.2d 754, 757–58 (Mo. App.1995); *Callahan*, 153 S.W.2d at 715–16.

As defined, presentment requires both a "delivery of a will" to the probate court and some form of application to have the will admitted to probate. § 473.050.2. Logically, this process generally *precedes* the appointment of the personal representative who administers the estate of the decedent. *See* Borron, 5 Mo. Prac. § 205 (3d ed.).

Accordingly, on "presentation" and then "proof" of a will to the clerk or court, and a finding the testator is dead, and that the will was duly executed and not revoked, the will shall be admitted to probate as the last will and testament of the testator. § 473.073.1; *see also* §§ 473.047 and 473.065. The clerk or the court may also *deny* the application for letters on proper grounds. § 473.073.2.

We further observe that section 473.013, in effect, defines the word administration—as opposed to presentment—as commencing with the filing of the application for letters testamentary. *See* Borron, 5 Mo. Prac. § 205 (3d ed.). This leads to the conclusion that the presentment process is not *per se* part of the application for letters testamentary process.

Section 473.110.1 provides that letters testamentary shall be granted to the personal representative or personal representatives designated in the will; failing to apply or qualify, letters are granted to other persons in the order of priority as set out in section 473.110. If the court believes none of the persons entitled to administer is a competent and suitable person, "or if any such person fails to apply for letters when directed by the court, some other person may be appointed." § 473.110.2(3).

Section 473.020 declares that if no application for letters is filed by a person entitled to do so under section 473.110, within twenty days after the death of a decedent, then any "interested person" may petition for the issuance of such letters. § 473.020.1; *see also* § 472.010(15). This

may include a person holding a claim against the decedent. § 473.020.1. In either event, the petition must be filed within one year after the date of death of the decedent. § 473.020.2.

Returning now to the "presentment" issue, we observe that in *State ex rel. Shriners' Hospitals v. Hensley*, 385 S.W.2d 820 (Mo.App.1964), our brethren in that court determined, consistent with certain time constraints, that "something more than the mere filing of a will has to take place before the will has been *presented* to the judge or clerk of the probate court." *Id.* at 825 (emphasis added). The Court observed that "the filing must be accompanied with an application for the probate of the will as required by law." *Id.* The Court noted that a "will is offered for probate when one *interested* in the will files an application for its probate." *Id.* at 827 (emphasis added).

In *Gillman v. Mercantile Trust Co.*, 629 S.W.2d 441 (Mo.App.1981), the same court later reiterated that "[p]resentation requires the filing of the will with an application that it be probated or rejected." *Id.* at 445. No mention was made in the opinion that only an "interested" person could file the application for probate.

However, in *Matter of Estate of Bridges*, 710 S.W.2d 327 (Mo.App.1986), citing *Gillman* and *Hensley*, the same court set out that "[p]resentment occurs upon the filing of a will together with a proper petition by a person *entitled* to take such action." *Id.* at 330 (emphasis added). More recently the same court held that "[b]efore proof can be taken of any will it must have been

*presented* for probate to the probate division." *Brunig*, 957 S.W.2d at 347 (emphasis added); *see also Lopiccolo*, 890 S.W.2d at 757. In these latter opinions no express mention is made of the necessity of only an "interested" person presenting the will to the probate court.

In 1996, the legislature amended section 473.050, significantly revising it. In pertinent part it sets out that:

1. A will, to be effective as a will, must be presented for and admitted to probate.

2. When used in chapter 472, RSMo, chapter 474, RSMo, chapter 475, RSMo, and this chapter, the term **"presented"** means:

(1) Either the delivery of a will ... to the probate division of the circuit court ...; and

(2) One of the following:

(a) An affidavit pursuant to section 473.097, which requests such will be admitted to probate; or

(b) A petition which seeks to have such will admitted to probate; or

(c) An authenticated copy of the order admitting such will to probate in any state, territory or district of the United States, other than this state.

. . .

4. A will presented for probate within the time limitations provided in subsection 3 of this section may be exhibited to be proven, and proof received and administration granted on such will at any time after such presentation.[6]

---

**6.** Section 473.050 should be contrasted with section 473.043, which provides that "[a]fter the death of testator, the person having custody of his will shall deliver it to the probate division of the circuit court which has jurisdiction of the estate or to the probate division of the circuit court of the county where the will is found...." "The person having custo-

dy of the will is not required to seek the probate of the instrument." *Hensley*, 385 S.W.2d at 827. "The mere fact that a will is delivered to the Probate Court does not commence the probate proceedings." *Id.* It appears, however, that an action in tort will lie against one who fraudulently procures the suppression of a valid will, and damages are

In our review of section 473.050, nowhere is there a mention, as a prerequisite to presentment, that the person delivering and/or applying for the probate of a will must either be an "interested" or "entitled" person. "A new statute must be construed in light of the defect it seeks to remedy and the usages, circumstances and conditions existing at the time the change was made." *Parrott v. HQ, Inc.,* 907 S.W.2d 236, 240 (Mo.App.1995). "Missouri Courts do not presume that the legislature enacts meaningless provisions." *Id.* "To the contrary, it is a fundamental precept of statutory construction that courts presume the legislature, when enacting new legislation, acts with knowledge of the subject matter, surrounding circumstances, existing law, and the purpose and object to be accomplished." *State ex rel. Safety Roofing Sys., Inc., v. Crawford,* 86 S.W.3d 488, 492 (Mo.App.2002).

After our review of the Probate Code, we determine that it is the intent of the legislature that duly executed instruments testamentary of a decedent are to be accorded legal recognition. A decedent's last wishes with regard to the disposition of decedent's properties are to be carried out when not otherwise prohibited by law. *See* chapters 472–474, RSMo 2000. "The practice of withholding a will from probate is certainly not to be recommended...." *Rubinstein v. Rubinstein,* 283 S.W.2d 603, 606 (Mo.1955).

We conclude that by its 1996 enactment, amending the provisions of section 473.050, the legislature has made clear that one who presents a will or codicil for admission to probate is not required to be an interested or otherwise entitled person, as either defined in case law or section 472.010(15). This enactment comports with the efficacious public policy of facilitating the process of probating instruments testamentary. We caution, however, that actual *administration* of an estate commences with the filing of the application for letters testamentary or of administration. § 473.013; *see* Borron, 5 Mo. Prac. § 205 (3d ed.). Letters are to be granted to those persons entitled to letters as set out in section 473.110, thence to interested persons as set out in section 473.020. *See* § 472.010(15).

We now turn our attention to the particulars of the instant matter. The record shows that letters of guardianship over the person of Lofton B. Croom and conservatorship of his estate had previously been issued by the probate court to Joann Croom King, one of the Appellants in this action, on February 4, 1999. After Mr. Croom's death, the guardian and conservator submitted a settlement of estate accounts to the probate court. We observe that the "death of the ward does not convert the administration of the guardianship estate into an administration of a decedent's estate." *Estate of Livingston,* 627 S.W.2d 673, 679 (Mo.App.1982); *see also State ex rel. Pryor v. Anderson,* 112 S.W.2d 857, 862 (Mo.App.1938).

Section 473.743 enumerates and describes the conditions and situations under which a public administrator may be eligible to act in his or her official capacity. *See Donelson's Estate v. Gorman,* 239 Mo.

granted when proof of loss of benefits are shown. *Wilburn v. Meyer,* 329 S.W.2d 228, 229 (Mo.App.1959).

We also recognize that "[a] will may be deposited by the person making it, or by such person's agent, with the probate division of any circuit court, to be safely kept until delivered or disposed of...." § 474.510.1 "This statute clearly shows that the probate court takes no action or jurisdiction of the estate of the decedent until the will has been offered for probate." *Hensley,* 385 S.W.2d at 827.

App. 300, 192 S.W.2d 29, 30 (1946).[7] In our review of the statute we note that in five instances the public administrator is authorized to summarily take charge of an estate of a deceased person. *See* Borron, 5C Mo. Prac. § 1806 (3d ed.); § 473.743(1)–473.743(5). The public administrator's determination, of course, is provisional and subject to review by the judge of the probate division. *See* Borron, 5C Mo. Prac. § 1809 (3d ed.); *see Hollingsworth v. Jeffries*, 97 S.W. 632, 633–34, 121 Mo.App. 660 (Mo.App.1906), and *Brinckwirth's Estate v. Troll*, 181 S.W. 403, 404–05, 266 Mo. 473 (Mo.1915). Additionally, the judge of the probate division may, for good cause, order the public administrator to take charge of an estate in his or her capacity as public administrator "to prevent the same from being injured, wasted, purloined or lost." Borron, 5C

Mo. Prac. § 1811 (3d ed.); § 473.743(9); *see Estate of Monia*, 902 S.W.2d 379, 381 (Mo.App.1995); *Becraft v. Lewis*, 41 Mo. App. 546, 554 (1890). Lastly, "the person occupying the office of public administrator may be appointed personal representative in [his or her] private capacity." Borron, 5C Mo. Prac. § 1806 (3d ed.).

 Applying the foregoing to the factual circumstances of this case, we determine that Public Administrator Miller had no authority in her *official* capacity to petition to seek to have any of the three, purported instruments testamentary *admitted* to probate.[8] *See Donelson's Estate*, 192 S.W.2d at 30. However, Ms. Miller, in her *individual* capacity, had authority to seek admission of the purported instruments to probate.[9] *See* previous discussion on "presentment." Furthermore, it is

---

7. Section 473.743 provides that:

 It shall be the duty of the public administrator to take into his charge and custody the estates of all deceased persons, and the person and estates of all minors, and the estates or person and estate of all incapacitated persons in his county, in the following cases:

 (1) When a stranger dies intestate in the county without relations, or dies leaving a will, and the personal representative named is absent, or fails to qualify;

 (2) When persons die intestate without any known heirs;

 (3) When persons unknown die or are found dead in the county;

 (4) When money, property, papers or other estate are left in a situation exposed to loss or damage, and no other person administers on the same;

 (5) When any estate of any person who dies intestate therein, or elsewhere, is left in the county liable to be injured, wasted or lost, when the intestate does not leave a known husband, widow or heirs in this state;

 (6) The persons of all minors under the age of fourteen years, whose parents are dead, and who have no legal guardian or conservator;

 (7) The estates of all minors whose parents are dead, or, if living, refuse or neglect to qualify as conservator, or, having qualified have been removed, or are, from any cause, incompetent to act as such conservator, and who have no one authorized by law to take care of and manage their estate;

 (8) The estates or person and estate of all disabled or incapacitated persons in his county who have no legal guardian or conservator, and no one competent to take charge of such estate, or to act as such guardian or conservator, can be found, or is known to the court having jurisdiction, who will qualify;

 (9) Where from any other good cause, the court shall order him to take possession of any estate to prevent its being injured, wasted, purloined or lost.

8. Section 473.743(4) appears, at first glance, to facially apply. However, here the public administrator does not premise her application for probate on the basis of section 473.743(4), nor does the record developed at this juncture support such an action.

9. While not so determining, we discern that the ultimate aim of applicant was to have the probate court grant recognition to decedent's purported Third Codicil to the Joint Last Will and Testament of Lofton B. Croom.

clear that neither in her official, nor individual, capacity did she enjoy the status of an "interested person," sufficient to clothe her with the right to seek *letters testamentary or of administration* relative to any of these purported instruments. *See* § 473.020; *Matter of Windholz*, 809 S.W.2d 30, 32 (Mo.App.1991) (defining the term "interested persons" as set out in section 472.010(15)).[10]

The judgment of the probate court is reversed and remanded for further proceedings consistent with this opinion.

MONTGOMERY, P.J., and GARRISON, J., concur.

**10.** Recall, of course, that under section 473.110.2(3) the probate court is authorized to grant letters if the court believes "no one of the persons entitled to administer [under sec-tion 473.110] is a competent and suitable person, or if any such person fails to apply for letters when directed by the court...." § 473.110.2(3).