**Maxine ALBERTSON, Respondent,**

v.

**Jacqueline COX, Appellant.**

**No. WD 63238.**

Missouri Court of Appeals, Western District.

Dec. 21, 2004.

James F. Crews, Tipton, MO, for Appellant.

David A. Yarger, Versailles, MO, for Respondent.

Before NEWTON, P.J., LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

Jacqueline Cox filed an application to be appointed the personal representative of Cecil Bond's estate, representing to the probate court that she was the daughter and sole heir of the decedent. Relying on this representation, the court appointed Cox as the personal representative of the estate. Subsequently, the decedent's sister, Maxine Albertson, filed a petition to remove Cox as the personal representative, alleging that Cox was not the decedent's daughter. The court ultimately ruled in favor of Albertson, finding that Cox was not Bond's natural daughter, nor had she been adopted by him. Consequently, the court removed Cox as personal representative of the estate.

## ANALYSIS

The appellant claims that the court erred in removing her as personal representative of Cecil Bond's estate. The probate court's decision will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

On appeal, Cox argues that her removal was invalid because none of the grounds for removal, as set forth by Section 473.140,[1] were satisfied.[2] However, this argument presupposes that the probate court can only remove a personal representative through the statute cited by Cox. There is authority that the court may remove a personal representative on grounds not specified in the statute: "Removal of a personal representative in the probate division is normally a statutory process. The procedure to be followed is that prescribed by statute. If removal is predicated upon a *nonstatutory* ground, it is advisable nevertheless to follow the statutory procedure." J.B. JOHN A. BORRON, JR., MISSOURI PRACTICE: PROBATE LAW AND PRACTICE, § 513 ( 3d ed.2000) (emphasis added). The trial court has inherent power to remove a personal representative whose appointment is void or illegal for any reason. *In re Estate of Bloomer*, 528 S.W.2d 784, 789 (Mo.App.1975). "[I]t is not necessary that grounds for removal under Section 473.140 RSMo.1969 be shown.... [T]he appointment of an administrator where there is no vacancy and based upon false statements invokes this inherent power and duty." *Id.*

Here, the trial court removed Cox as personal representative, having found that Cox's application contained false information and that she was not the decedent's daughter. This finding was supported by substantial and competent evidence. First, the decedent's sister testified that her brother was not Cox's father by natural birth or by adoption. She further testified that Cox had already been born when the decedent married Cox's mother. Finally, there was no name listed for Cox's father on her birth certificate. Therefore, the court used its inherent power to remove Cox, having initially named her personal representative under the belief that she was decedent's daughter. The judgment is affirmed.

All concur.

---

1. Section 473.140 provides:

   If any personal representative becomes mentally incapacitated or is convicted of a felony or other infamous crime, or becomes an habitual drunkard, or in any manner incapable or unsuitable to execute the trust reposed in him, or fails to discharge his official duties, or wastes or mismanages the estate, or acts so as to endanger any core-presentative, or fails to answer any citation and attachment to make settlement, the court, upon its own motion, or upon complaint in writing made by any person interested supported by affidavit, after notice to the personal representative, and to the attorney of record, if any, of any personal representative who cannot be served with notice in this state, shall hear the matter and may revoke the letters granted.

2. In her other point on appeal, Cox argues that the trial court erred in removing her because her conduct as personal representative was not wrongful. Because her first point is dispositive, this court need not address this issue.