182 S.W.3d 734 (2006)
In the ESTATE OF William Allan SNIDER, Minor.
Mickey June White, Conservator, Appellant,
v.
Carolyn Vienhage Little, Public Administrator of Greene County, Missouri, Successor Conservator, Respondent.
No. 26870.
Missouri Court of Appeals, Southern District, Division Two.
January 26, 2006.
*735 J. Kaye Irwin, Springfield, for Appellant.
No Attorney for Respondent.
KENNETH W. SHRUM, Presiding Judge.
Mickey June White ("Conservator") was appointed conservator of the estate of William Allan Snider, a minor, on September 13, 1993. She served in that capacity until the letters of conservatorship were revoked by the probate division of the Greene County Circuit Court ("Probate Court"). Conservator appeals that revocation. We reverse and remand.
We will affirm the Probate Court's decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Albertson v. Cox, 151 S.W.3d 138, 139[1] (Mo.App.2004).
Since her appointment in 1993, Conservator has filed her annual settlement late on several occasions.[1] Throughout the years, however, as best this court can discern, the Probate Court never fined nor otherwise sanctioned Conservator for her untimeliness. The Probate Court merely accepted and approved the late filings.
The annual settlement due on September 13, 2004, launched the current dispute. On July 15, 2004, the clerk of the Probate Court sent Conservator notice that the settlement was due on September 13.[2] Conservator failed to file by that date.
The Probate Court took no action, however, until November 4, 2004. On that day, the Probate Court sent Conservator a "notice of delinquent settlement and order of continuance." That document provided the following:
"The Court upon its own motion hereby orders a continuance for two weeks until November 18, 2004, of the settlement due to be filed herein on September 13, 2004, which is now delinquent.
"It is further ordered that if said settlement or written application for continuance, *736 for good cause, is not filed by November 18, 2004, a citation shall issue to file such settlement or show cause why letters should not be revoked and a successor appointed." (Emphasis supplied.)
It appears that Conservator failed to ask for a continuance and failed to file the settlement by November 18, 2004. However, the Probate Court again took no action until a later date.
On January 11, 2005, the court issued an "order to show cause" to Conservator. This order commanded:
"The [Probate Court], on its own motion, hereby orders you to appear on Tuesday, February 1, 2005, at 9:00 a.m., before the [Probate Court], and then and there show cause, if there be any, why your letters of Conservatorship issued to you should not be revoked and you removed as fiduciary by reason of: Failure to file annual settlement due September 13, 200[4]."
At the hearing, Conservator appeared and filed the annual settlement. In her explanation to the court, Conservator testified that she was involved in a horrible car accident on June 24, 2004. Due to her surgeries and recovery time, she claimed she was unable to work on the September settlement. In the judgment revoking the letters of conservatorship, the Probate Court found "that said Conservator has repeatedly failed to file annual settlements in a timely manner and should be removed." This appeal by Conservator followed.
The Probate Court has the discretion to remove a conservator for failing to file an annual settlement. § 475.110; § 475.190.5; see also Oliva v. Oliva, 113 S.W.3d 269, 275 (Mo.App.2003). In that regard, section 475.110 provides that a conservator may be removed on the same grounds as listed in section 473.140 (removal of a personal representative). The latter statute reveals that removal can occur when a conservator or personal representative is "incapable or unsuitable to execute the trust reposed in him . . . or fails to answer any citation and attachment to make settlement." § 473.140.
The probate code provides specific statutory procedures when one fails to file a settlement. Section 473.560 states that if settlement is not filed on the day which it is due, then the court "shall continue the settlement to some future day and issue a citation to the executor or administrator requiring him to file settlement on the day to which the settlement is continued or show good cause . . . why his settlement has not been filed and why his letters should not be revoked."[3] (Emphasis supplied.) Section 473.563 further provides that after service of the citation, if the conservator "appears and files his settlement he shall be fined for his failure to file settlement at the proper time in a sum not exceeding one hundred dollars, unless he satisfies the court that it was impracticable for him to file settlement." (Emphasis supplied.) It is only when the conservator fails to appear or appears and fails or refuses to file the settlement that the Probate Court may revoke his or her letters. § 473.567.
After Conservator failed to file the settlement in September, the Probate Court continued the matter to November 18, 2004. Specifically, the court warned that Conservator had two options: (1) file the settlement by that date or (2) apply for a continuance. The Probate Court warned Conservator that a citation would issue if *737 she failed to take advantage of one of those options or she would have to show cause why her letters should not be revoked. The Probate Court, however, was only allowed to issue a citation after that date. § 473.563.
As such, when the court issued its January 11, 2005, "show cause order," it abrogated the statutory procedure and misapplied the law. Specifically, the Probate Court ordered Conservator to show cause why her letters should not be revoked, which was not a statutorily authorized procedure. The procedure mandated by section 473.560 was for the Probate Court to continue the case to a future date and issue a citation to Conservator. It had no option to issue a "show cause order." Moreover, had the correct citation been issued it would have necessarily given Conservator one of two options: (1) file the settlement on or before the date the matter was continued, or (2) show good cause why the settlement was not filed and why the letters should not be revoked. § 473.560. The statute does not empower the court to choose the option.
Moreover, if the statutorily mandated citation is issued per section 473.560 and if the conservator appears on the continuance date and files the settlement, then the only punishment the court can inflict for late filing is to fine the conservator in an amount not to exceed one hundred dollars. § 473.563. Revocation of letters of guardianship for non-filing of an annual settlement is only authorized when the conservator either fails to appear in response to a properly structured section 473.560 citation or appears without filing the settlement and also fails to show good cause for the failure to make settlement. § 473.567.
Here, Conservator appeared before the Probate Court on February 1, 2005, and filed the annual settlement. That was an option afforded her by section 473.560. At this juncture, the appropriate sanction for the court was to fine her, not revoke her letters of conservatorship. Because the Probate Court failed to follow the statutory procedure, we hold that it misapplied the law and the judgment must be reversed. The case is remanded to the Probate Court with directions to reinstate Conservator's letters of conservatorship.[4]
GARRISON, J., and BARNEY, J., concur.
NOTES
[1] Under section 475.270.1, a conservator must file a settlement of accounts with the court at least once per year on a date fixed by the court "within thirty days after the anniversary of the appointment of such conservator and on the corresponding date of each year thereafter until the final settlement." All statutory references are to RSMo (2000), unless indicated otherwise.
[2] Under section 475.280.2, "[t]he clerk shall notify each conservator by ordinary mail of the day on which each of his annual settlements is required to be filed at least thirty days before such date."
[3] When statutes relating to personal representatives are applicable to conservators (as they are here), the terms "executor" and "administrator" are used interchangeably with conservator. § 475.020.
[4] A further reason exists for reversal. Even if the "show cause order" could be viewed as a "citation," the Probate Court only notified Conservator that she must show cause why the current settlement was not filed. There was no indication that the court would consider previous violations as grounds for revocation of letters. However, the previous violations coupled with the current untimeliness were the reasons the court issued its judgment of revocation. The citation envisioned by the statutes is no mere summons; it must sufficiently advise the one proceeded against of the charge to enable him or her to make a defense. In re Boeving's Estate, 388 S.W.2d 40, 51-52 (Mo.App.1965); In re Ford, 157 Mo.App. 141, 137 S.W. 32, 36 (1911). The court's show cause order would seemingly violate these notice requirements.