

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| THE SALVATION ARMY, KANSAS AND WESTERN MISSOURI DIVISION, )<br>)<br>)<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>)<br>)<br>BANK OF AMERICA, et al., )<br>)<br>)<br>Respondents. ) | WD76464<br><br>OPINION FILED:<br>March 11, 2014 |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Kathleen A. Forsyth, Judge

**Before Division I:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Appellant Salvation Army, Kansas and Western Missouri Division ("the Salvation Army"), appeals the judgment of the Circuit Court of Jackson County, Missouri ("trial court") dismissing its petition to contest a will that had been admitted to probate on the grounds that the Salvation Army lacked standing. We affirm.

## Factual and Procedural Background[1]

On October 2, 2009, William E. Cunningham, Jr. ("Decedent") died. On February 22, 2010, a will executed by Decedent on July 10, 1995 ("1995 Will"), which was accompanied by an inter-vivos trust agreement executed on the same day, was presented to the probate division of the trial court. On March 15, 2010, the 1995 Will was admitted to probate, and letters testamentary were issued naming Respondent Bank of America ("Bank of America") as the personal representative of Decedent's estate. The first notice of the granting of letters testamentary was published on March 30, 2010.

On September 20, 2010, Decedent's heirs at law, his nieces and nephew ("the heirs"), filed a petition contesting the 1995 Will, claiming undue influence on the part of the 1995 Will's beneficiaries, Respondents Harold and DorothyMae Groves ("the Groveses"). Bank of America was served with the heirs' petition on October 28, 2010.

On November 17, 2010, in response to the heirs' petition, Bank of America presented a prior will, executed by Decedent in 1984 ("the 1984 Will"), which named the Salvation Army as a beneficiary (the Salvation Army was not a beneficiary under the 1995 Will). Although Bank of America maintained that the 1995 Will was valid, it alleged that, if the 1995 Will and its stated revocation of the 1984 Will were to be found invalid, the 1984 Will would operate to preclude the claims of the heirs at law.

On February 23, 2011, the trial court granted the Salvation Army leave to intervene as an additional plaintiff challenging the 1995 Will. On June 29, 2011, the Salvation Army filed its petition contesting the 1995 Will. On July 20, the Groveses and Bank of America filed responsive pleadings to the Salvation Army's petition; at that time, neither the Groveses nor

---

[1] When reviewing the dismissal of a petition for failure to state a claim or the granting of judgment on the pleadings, "the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008) (citation omitted).

Bank of America alleged that the 1984 Will was not timely presented to the trial court, though the Groveses denied that the 1984 Will was valid. On April 24, 2012, the heirs voluntarily dismissed their claims with prejudice, leaving the Salvation Army as the only remaining party challenging the 1995 Will.

On June 11, 2012, the trial court entered a stipulated scheduling order setting a date for trial and a deadline of November 5, 2012, for the filing of dispositive motions. On January 23, 2013, the Groveses filed a dispositive motion seeking a ruling that the Salvation Army lacked standing[2] to pursue the will contest action challenging the 1995 Will. A pretrial conference was held on January 24, 2013, where the trial court heard argument from counsel for the Groveses and for the Salvation Army on the Groveses' motion. The trial court determined that it would consider the Groveses' dispositive motion, and at the request of the trial court, additional letter briefing was provided by the parties on the issue of whether the Salvation Army had standing to contest the 1995 Will. On February 1, 2013, the trial court entered a judgment of dismissal dismissing the Salvation Army's will contest petition, finding that the Salvation Army lacked standing to contest the 1995 Will since its only claim to the estate was under the 1984 Will, which had not been presented to the trial court within the time limits prescribed by section 473.050.3.[3]

On March 1, 2013, the Salvation Army obtained assignments from the heirs, who had voluntarily dismissed their claims with prejudice nearly a year earlier. The Salvation Army then filed a motion to amend the judgment alleging, *inter alia*, that it had standing to contest the 1995

---

[2] The motion essentially argued that the filing of the 1984 Will did not comply with Missouri's presentment statute, could not be considered by the trial court, and the Salvation Army had no justiciable interest in the only remaining will that had been properly presented to the trial court—the 1995 Will; ergo, the motion argued that the Salvation Army lacked standing to contest the 1995 Will. The practical effect of the success of this motion was that there would remain nobody with standing to contest the 1995 Will pursuant to any will contest petition that had previously been filed, such that the motion was dispositive of any remaining will contest pleadings then before the trial court.

[3] All statutory references are to RSMo 2000, as updated by the 2012 cumulative supplement.

Will, even if the trial court had correctly found that the 1984 Will was not timely presented, in that the heirs at law had assigned their rights to the Salvation Army, and the heirs' voluntary dismissal of their petition was ineffective as it was entered without obtaining the consent of the Salvation Army, who was a party to the action at the time of the purported voluntary dismissal. The trial court denied the motion. The Salvation Army appeals.

**Standard of Review**

This court reviews the granting of a motion to dismiss *de novo. Coons v. Berry*, 304 S.W.3d 215, 217 (Mo. App. W.D. 2009). The trial court dismissed the Salvation Army's petition because it determined that, because the 1984 Will was not presented within the time limits prescribed by section 473.050.3, the 1984 Will was "forever barred" from the trial court's consideration; because the 1984 Will was the only avenue for the Salvation Army to have any claim to Decedent's estate, the trial court concluded that the Salvation Army lacked standing. Interpretation of statutory provisions and their application to the facts of a case are legal issues that this court reviews *de novo. McKinney v. State Farm Mut. Ins.*, 123 S.W.3d 242, 245 (Mo. App. W.D. 2003). Standing is also a question of law that this court reviews *de novo. CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012). "[I]n reviewing a judgment of dismissal, this court must affirm the dismissal 'if it can be sustained on any ground which is supported by the motion to dismiss, regardless of whether the circuit court relied on that ground.'" *State ex rel. Div. of Child Support Enforcement v. Hill*, 53 S.W.3d 137, 143 (Mo. App. W.D. 2001) (quoting *Keys v. Nigro*, 913 S.W.2d 947, 951 (Mo. App. W.D. 1996)). "In fact, [i]f the court correctly dismissed the [claim], the ground upon which the dismissal was based is immaterial." *Id.* (internal quotation omitted).

**Analysis**

**I**

In its first point, the Salvation Army argues that "the trial court erred in dismissing [Salvation Army's] claims for *lack of standing* because [Salvation Army] plead[ed] sufficient facts to establish standing to contest the 1995 Will in that [the Groveses] waived their *statute of limitations* defense by failing to raise it in any responsive pleading." (Emphasis added.)

Missouri's will presentment statute, section 473.050.5, provides that if a will is "not presented[4] for probate during the time limitations provided in subsection 3, [it] is forever barred from admission to probate in [Missouri]." In pertinent part, section 473.050.3 provides:

> 3. No proof shall be taken of any will nor a certificate of probate thereof issued unless such will has been presented within the applicable time set forth as follows:

> (1) In cases where notice has previously been given in accordance with section 473.033 [i.e., through publication] of the granting of letters on the estate of such testator, within six months after the date of the first publication of the notice of granting of letters, or within thirty days after the commencement of an action under section 473.083 [i.e., will contest action] to establish or contest the validity of a will of the testator named in such will, whichever later occurs[.]

First, we note that the Salvation Army's arguments in support of its first point conflate the concept of standing with the concept of subject matter jurisdiction. The Salvation Army relies upon *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513 (Mo. banc 2009). So do we.

> [I]t is incorrect to cast statutory arguments as matters of subject matter jurisdiction. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). There is no question of jurisdiction in this case; the circuit court, which in this case has a probate division, has subject matter jurisdiction to admit or reject a will to probate.

---

[4] "For a testator's will to be 'presented,' the will must be delivered to the probate division of the circuit court along with either an affidavit requesting probate, a petition seeking probate, or a copy of an order admitting the will to probate in another jurisdiction. Section 473.050.2, RSMo 2000." *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 517 n.4 (Mo. banc 2009).

5

*Id.* at 517-18. Thus, the decision to admit or reject a will is clearly a matter within the subject matter jurisdiction of the trial court. With that, we agree. Where the Salvation Army's logic breaks down is when it argues that the holding in *Unnerstall* necessarily requires us to conclude that "statutes cannot affect standing." While a statute directed at a court's *authority* may not implicate the court's *jurisdiction*, it does not preclude a court from exercising its *jurisdiction* to evaluate its *authority* to address substantive issues of a party's case (i.e., standing). More specifically, on the interaction between the concepts of subject matter jurisdiction and standing, our Supreme Court recently noted in *Schweich v. Nixon*:

> Although sometimes referred to in terms of jurisdiction . . . the concept of standing is better understood as a matter of justiciability, that is, of a court's authority to address a particular issue when the party suing has no justiciable interest in the subject matter of the action. For this reason, Missouri courts before and after the decision in [*Webb*], have held that standing is a prerequisite to the court's authority to address substantive issues [with respect to that party] . . . . *See, e.g., CACH*, 358 S.W.3d at 61 (reaffirming that "[c]ourts have a duty to determine if a party has standing prior to addressing the substantive issues of the case.").

408 S.W.3d 769, 774 n.5 (Mo. banc 2013).

Here, as in *Unnerstall*, the trial court exercised its jurisdiction to make a decision about whether to admit or reject the 1984 Will in relationship to the requirements outlined in chapter 473. Upon doing so, the trial court concluded that no proof of the 1984 Will would be taken, as the 1984 Will was "forever barred" from admission to probate. At that point, the trial court then recognized its responsibility to evaluate whether the Salvation Army possessed standing to pursue a contest of the 1995 Will, as standing cannot be waived. *See CACH*, 358 S.W.3d at 61. "A party has standing to sue when it has a justiciable interest in the subject matter of the action." *Id.* (internal quotation omitted). In a will contest, standing has been described as belonging to one who would "either gain or lose under the contested will." *Lopiccolo v. Semar*, 890 S.W.2d

754, 758 (Mo. App. E.D. 1995). *See also Hawkins v. Lemasters*, 200 S.W.3d 57, 61 (Mo. App. W.D. 2006). Here, because the 1984 Will was presented without the statutory requirements, proof of the 1984 Will was rejected by the trial court. Accordingly, the trial court ruled that the Salvation Army, absent rights it claimed to possess under a rejected will, could not "gain or lose under the contested will [1995 Will]" and thus did not possess standing. As such, the Salvation Army's will contest petition was dismissed by the trial court.

Effectively, then, the crux of the Salvation Army's argument is that the basis for the trial court's standing analysis was its misplaced reliance upon the will presentment statute—also described as Missouri's "statute of limitations for presentment," *Unnerstall*, 298 S.W.3d at 519[5]—because the Salvation Army claims that the "limitations defense" had been waived. We disagree.

Preliminarily, we note that the Salvation Army argues that the trial court should not have considered the substantive merits of the Groveses' dispositive motion alleging lack of standing because, procedurally, the motion was filed after the trial court's dispositive motion deadline in the trial court's scheduling order. However, a court's scheduling order, like any interlocutory order, leaves the court "the discretion to open, amend, reverse, reconsider, or vacate that order at any point before final judgment is entered." *Duvall v. Tawney*, 323 S.W.3d 804, 807 (Mo. App. E.D. 2010). Here, clearly, the trial court reconsidered its dispositive motion deadline, as was its discretion to do.

In so doing, the trial court effectively permitted the Groveses to amend their pleadings to present their argued defense that the 1984 Will failed to satisfy the time limitation requirements

---

[5] More specifically, and as described more fully in our discussion of Point III, because the will presentment statute is not part of Missouri's general statutes of limitation, it is a special statute of limitations and, accordingly, is not subject to the same rules of application as general statutes of limitation. *See State ex rel. Bier v. Bigger*, 178 S.W.2d 347, 350 (Mo. banc 1944).

7

of the will presentment statute and must be "forever barred from admission to probate." *See* § 473.050.5. The trial court also provided all of the parties an opportunity within which to brief the issue. Though the Salvation Army argued to the trial court that it should not permit the late-filed "limitations defense" argument as to proof of the 1984 Will, the trial court exercised its discretion to permit it. *See* Rule 55.33(a) (leave of court to amend pleadings "shall be freely given when justice so requires").[6] The trial court did not abuse its discretion in entertaining the will presentment statute argument, particularly where no new, or even disputed, evidence was presented, and instead, the relevant dates were known and agreed upon prior to the filing of the Groveses' dispositive motion.

Thus, though the Salvation Army cites precedent suggesting that even special statutes of limitation constitute "an affirmative defense and must be pleaded as such," *Lomax v. Sewell*, 1 S.W.3d 548, 552 (Mo. App. W.D. 1999), we find this precedent inapposite since, here, the will presentment statute argument *was* presented to the trial court in the form of a pleading to the trial court prior to final judgment, and the trial court permitted the late-filed defense argument. Clearly, "[t]he trial judge has broad discretion to permit the amendment of the pleadings at any stage of the proceedings, even after verdict." *Jennings v. Chatsworth Apartments Project Ltd.*, 186 S.W.3d 457, 463 (Mo. App. W.D. 2006). As such, the trial court's dismissal may be deemed to have been in consideration of such amended affirmative defense pleadings, a matter within the broad purview of the trial court's discretion. With much less formality, the court in *Unnerstall*— a post-*Webb* decision—noted that the will presentment statute argument was raised, not in an answer or a motion to dismiss, but "[i]n a letter to the court." 298 S.W.3d at 517.

---

[6] Similarly, the Rules of Civil Procedure mandate that any such amendment "relates back to the date of the original pleading." Rule 55.33(c).

8

Notwithstanding, the *Unnerstall* court prohibited the trial court's consideration of proof of the will that had not been presented within the section 473.050 limitations period. *Id.* at 520-21.[7]

Moreover, Rule 55.27(b) authorizes a motion for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Here, the relevant dates were all contained in the parties' pleadings (and the court's own docket sheet), so the trial court would have been able to examine the parties' pleadings to determine noncompliance with section 473.050, without the need to consider matters outside the pleadings, such that disposition by the trial court on this basis would be proper. *See In re Marriage of Busch*, 310 S.W.3d 253, 259 (Mo. App. E.D. 2010) (holding that it is not improper for trial court to convert motion to dismiss into judgment on the pleadings where the pertinent facts averred in the petition are not disputed and the moving party is entitled to judgment as a matter of law).

Irrespective of how the procedural posture of the Groveses' dispositive motion is viewed, no waiver of the will presentment statute has occurred. The trial court possessed the jurisdiction and authority to assess the statutory noncompliance associated with presentment of the 1984 Will and, upon doing so, was authorized and under a duty to evaluate the Salvation Army's standing in the probate proceeding. Therefore, if the trial court correctly concluded that proof of the 1984 Will was "forever barred" from the trial court's consideration because it was not presented within the mandatory statutory framework, its judgment of dismissal for lack of standing was not erroneous.

---

[7] Notably, in its briefing to this court, the Salvation Army posited that limitation defenses "generally may be waived if not raised timely" (citing *McCracken v. Wal-Mart Stores*, 298 S.W.3d 473, 476 (Mo. banc 2009)), but that "the opponent of the purported will in *Unnerstall* lodged a timely objection to presentment and admission of the will." Thus, the Salvation Army recognizes that "objections" invoking the will presentment statute may take their form in documents other than an Answer to a pleading. The key is that the presentment objection is timely lodged to the trial court which, in this instance, the trial court concluded—within its discretion—that it was.

Here, the dates are undisputed.  Decedent died on October 2, 2009.  Notice by publication of the notice granting letters testamentary (of the 1995 Will) was first given on March 30, 2010.  The will contest action was filed on September 20, 2010.  The first possible date upon which the 1984 Will could arguably be deemed "presented" was November 17, 2010.  Thus, the 1984 Will was presented nearly eight months after the notice granting letters testamentary and fifty-eight days after commencement of the will contest action.  These dates are outside the presentment requirement of section 473.050.3(1).  Clearly, then, the 1984 Will was presented without meeting the statutory requirements, and it was properly rejected as evidence in the probate proceeding regarding Decedent's estate.  And without the admission of proof of the 1984 Will as evidence in the proceedings below, the Salvation Army possessed no pecuniary interest under the contested 1995 Will and, accordingly, lacked standing to contest the 1995 Will.

Point I is denied.

## II

The Salvation Army's second point on appeal is that the trial court erred in denying its motion to amend the judgment and for new trial because the Salvation Army enjoyed the standing of the heirs, as their assignee.  Specifically, both before the trial court and in its point relied on and opening appellate briefing to this court, the Salvation Army argued:  "Those assignments placed The Salvation Army in the Heirs' shoes *for purposes of prosecuting the will contest action*."  (Emphasis added.)

As stated earlier, almost a year following the heirs' voluntary dismissal with prejudice of their claims contesting the 1995 Will, and after the Salvation Army had already been dismissed from the action for lack of standing, the Salvation Army obtained assignments from the heirs of their rights relating to the heirs' will contest claims.  The Salvation Army then filed a motion to

10

amend the judgment, claiming that it did, in fact, have standing, even if not under the 1984 Will, as it enjoyed the standing of the heirs; it claimed that the heirs' claims contesting the 1995 Will remained viable despite the heirs' previously filed voluntary dismissal with prejudice because the heirs' voluntary dismissal was ineffective for failure to comply with section 473.083.8. The trial court disagreed, concluding that the heirs' will contest claims had been lawfully dismissed with prejudice, there was thus nothing for the heirs to assign in that regard, and the assignment could not operate to give standing to the Salvation Army to contest the 1995 Will. We agree with the trial court's conclusions.

Section 473.083.8 provides that an action contesting a will that has been admitted to probate "may be voluntarily dismissed, after the period of contest has expired, by consent of all parties not in default." The Salvation Army argued, in its motion to amend the judgment or for new trial, that: (1) the heirs did not obtain the Salvation Army's consent to dismiss their action; (2) the Salvation Army was, at the time, a party not in default; and so (3) the voluntary dismissal with prejudice was legally ineffective.

The Salvation Army's argument ignores the fact that the trial court had, by the time of the motion to amend the judgment, determined that the Salvation Army never possessed standing to bring its petition challenging the 1995 Will in the first instance, because the Salvation Army never possessed a justiciable interest in the 1995 Will. Because the Salvation Army lacked standing and was not a proper party at the time the heirs voluntarily dismissed their claims,[8] the

---

[8] We question whether section 473.083.8 is even implicated where, as here, only the heirs' will contest claims (which were not brought by or against the Salvation Army and had no impact upon any purported will contest claim, action, or proceeding initiated by the Salvation Army) were dismissed. However, we need not decide that issue as, instead, we have concluded that the trial court correctly determined that the Salvation Army did not possess a justiciable interest in the will contest action and as such cannot be deemed to have been a "party" to that in which it had no justiciable interest.

11

Salvation Army was not a "party" whose consent was required for the dismissal to become effective.[9]

On appeal, the Salvation Army also argues that the heirs' dismissal was ineffective in that the heirs did not obtain the consent of *any* party (presumably including the Groveses and Bank of America). This contention was not submitted to the trial court and is raised for the first time on appeal. "[I]t has long been stated that this Court will not, on review, convict a lower court of error on an issue which was not put before it to decide." *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982) (citing *Sch. Dist. of Kansas City v. Smith*, 342 Mo. 21, 111 S.W.2d 167, 168 (1937); *Alexander v. Haden*, 2 Mo. 211, 212 (1830)). *See also Jackson Exch. Bank & Trust Co. v. Friedrich (In re Heisserer)*, 797 S.W.2d 864, 874 (Mo. App. S.D. 1990)

---

[9] The Salvation Army cites to *Estate of Croom v. Bailey*, 107 S.W.3d 457 (Mo. App. S.D. 2003), *Clair v. Whittaker*, 557 S.W.2d 236 (Mo. banc 1977), and *Anderson v. Wittmeyer*, 834 S.W.2d 780 (Mo. App. W.D. 1992), for the proposition that a "proceeding to probate a will . . . is generally regarded as a special proceeding, and it is not an 'action' in the sense in which that word is generally used, and is not a proceeding either at common law or in equity, although it is equitable in its nature," *Croom*, 107 S.W.3d at 461, and "[a] will contest is an in rem proceeding." *Anderson*, 834 S.W.2d at 784. From these general comments, the Salvation Army argues that these cases support its position that it is not necessary for the Salvation Army to be an "interested person" for purposes of its claimed "party" status relating to application of section 473.083. First, there simply is nothing in these cited cases that contradicts or ignores the fundamental Supreme Court precedent requiring courts to evaluate a party's standing before addressing substantive issues of the case, *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012), and additional precedent declaring that a person with standing in a will contest proceeding has been described as one who would "either gain or lose under the contested will" (i.e., interested persons), *Lopiccolo v. Semar*, 890 S.W.2d 754, 758 (Mo. App. E.D. 1995). Second, the Salvation Army's argument simply misconstrues the holding in these cases. In *Croom*, the court merely concluded that there is a difference between those persons or entities that are permitted to "present" a will versus those persons or entities that are entitled to participate in the "administration" of a will. 107 S.W.3d at 462-63. While the *Croom* court emphasized that even a person not "interested" in the will may "present" a will to the probate court, it took lengths to caution that the actual "administration" of the estate is a different affair and that, upon application for letters testamentary, the relevant participants were "those persons entitled to letters as set out in section 473.110, thence to interested persons as set out in section 473.020." *Id.* at 463. Thus, the Salvation Army's reliance on *Croom* is misplaced; Bank of America, not the Salvation Army, presented both the 1995 Will and the 1984 Will. The Salvation Army's "party" status relates to its "interest" in the "administration" of the 1995 Will. In *Whittaker*, the court expressly restricted its analysis by stating, "[t]he instant case is not analogous to a will contest proceeding. Here the sole residuary legatee seeks to challenge the validity of certain inter vivos contracts." 557 S.W.2d at 239. Thus, *Whittaker* is likewise, by its own words, inapposite to the present will contest proceeding. Finally, the import of *Anderson* was that it mattered not whether the relevant "party" was aligned in the case as a party plaintiff or party defendant to the will contest. 834 S.W.2d at 784. *Anderson* said nothing with regard to the topic of whether the "party plaintiff" or "party defendant" possessed standing in the proceeding, as standing was not an issue in the case; hence, again, the Salvation Army's reliance on *Anderson* is misplaced. It should also be noted that this "party status" argument (like a number of the Salvation Army's arguments) was not raised below and, instead, is raised for the first time on appeal.

("An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide."); *State ex rel. Mo. Highway & Transp. Comm'n v. Muegge*, 842 S.W.2d 192, 196 (Mo. App. E.D. 1992). "[I]ssues that are not raised in the trial court are waived." *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008) (citing *Walker v. Owen*, 79 Mo. 563, 568 (Mo. 1883)). Accordingly, we refuse to consider this contention as a basis for reversing the trial court's judgment.[10]

Undeterred on the topic of raising new arguments for the first time on appeal, in its *reply* brief to this court, the Salvation Army argues, for the first time, that "[e]ven if the [h]eirs at [l]aw properly dismissed their claims, they still have a residual right to the estate regardless of whether they can contest the 1995 Will." This argument was not raised below and is not contained in the Salvation Army's initial appellant's brief or in any of its points relied on. We will not address issues raised for the first time in a reply brief. *Arch Ins. Co. v. Progressive Cas. Ins. Co.*, 294 S.W.3d 520, 524 n.5 (Mo. App. W.D. 2009). Accordingly, we refuse to consider this contention as a basis for reversing the trial court's judgment.

Point II is denied.

### III

The Salvation Army's third point on appeal is that the trial court erred in dismissing its petition for lack of standing because the time limit prescribed by the presentment statute, section 473.050, should have been tolled. We disagree.

---

[10] We note that the record presented on this contention is silent, underscoring the requirement that issues be presented and vetted below so that this court may have a record to intelligently consider the claim of error on appeal. That said, there does not appear to be any logic in the suggestion that the Groveses and Bank of America would not have consented to the heirs' dismissal with prejudice of their will contest claim. Irrespective, the record is not developed on this topic and "Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented [on appeal]." *Citibank (S.D.) N.A. v. Edwards*, 147 S.W.3d 810, 811 (Mo. App. W.D. 2004) (quoting *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo. App. E.D. 2000)). "Except where conceded as true by the opposing party, statements asserted in a party's brief that are not supported by the record on appeal supply no basis for appellate review." *Chilton v. Gorden*, 952 S.W.2d 773, 777 (Mo. App. S.D. 1997).

Missouri's will presentment statute is *not* part of the general statutes of limitations as it is a special limitations statute prohibiting the consideration of proof of a will that fails to comply with certain time requirements. Because the will presentment statute is not part of the general statutes of limitations, but is a special statute of limitations, it is not subject to the general tolling provisions; instead, it is limited to any tolling provisions expressly included within the special statute. *State ex rel. Bier v. Bigger*, 178 S.W.2d 347, 350 (Mo. banc 1944). The Supreme Court, in *Bier*, found no such tolling provisions in the will presentment statute, and thus refused to toll the statute, even though the untimely presented will had been fraudulently concealed. *Id.* This conclusion of the *Bier* decision was recently cited with approval by the Supreme Court in *Unnerstall*, 298 S.W.3d at 520:

> "[T]here is no natural or inherent right to dispose of property by will; . . . the state has the power to prohibit such disposition entirely, and . . . has the lesser power to prescribe the time for probating a will." [*Bier*, 178 S.W.2d at 350] (disallowing a will not presented for probate within the statute of limitations even though the will was concealed fraudulently).

The *Bier* opinion's finding that the presentment statute did not contain any tolling provisions is further bolstered by section 473.050.5, which provides that "[a] will not presented for probate within the time limitations provided in subsection 3 of this section is *forever barred* from admission to probate within this state." (Emphasis added.)

The Salvation Army claims that the presentment statute was tolled by the Missouri Supreme Court in *Bosworth v. Sewell*, 918 S.W.2d 773 (Mo. banc 1996). A careful reading of *Bosworth*, however, reveals that the Supreme Court did not conclude that the presentment statute was tolled, but that the six-month period for will presentment set forth in section 473.050 never began to run, because the personal representative failed to follow all of the mandatory steps that "must be followed before the statutory bar of § 473.083 may be exercised." *Id.* at 776.

Specifically, in *Bosworth*, the Court found that the six-month period for presentment of competing wills did not begin to run because statutorily required actual notice of the probating of the *initially presented will* was not provided to two heirs at law, who were known or reasonably ascertainable to the personal representative, and who alleged, while the estate was still open, that they were unaware of the opening of the decedent's estate. *Id.* at 777.

The Salvation Army claims that it, like the heirs in *Bosworth*, was entitled to actual notice of the presentment of the 1995 Will because it was a "devisee" to whom actual notice of the issuance of letters testamentary is required in section 473.033. Because it did not receive actual notice, it claims that the six-month period should have been tolled, or more appropriately, that it did not begin to run, as in *Bosworth*. However, the Salvation Army was *not* a devisee of the 1995 Will, which was *the will presented to the court for admission to probate*. The Salvation Army cites to no authority that requires a personal representative to send actual notice of the issuance of letters testamentary to devisees of a will *other than the will being offered for probate*. Because the Salvation Army was not entitled to actual notice as a devisee under section 473.033, Bank of America's failure to provide it with actual notice of the 1995 Will does not operate to delay the initiation of the running of the six-month period for presentment of competing wills under section 473.050 or to "toll" the statute.

The Salvation Army next argues that the period for presentment of the 1984 Will should have been tolled due to "administrative delays." Again, the presentment statute is not a general statute of limitations, but a special statute of limitations, and therefore it may only be tolled as expressly provided within the provisions of the statute. *Bier*, 178 S.W.2d at 350. The presentment statute says nothing about tolling for "administrative delays" resulting in the delay of service of a petition to contest a will to the personal representative or to another person who

15

might present a competing will. Surely, if "fraud" is not sufficient to toll the will presentment statute, *Bier*, 178 S.W.2d at 350, neither are claimed "administrative delays."

Point III is denied.

**Conclusion**

For all of the above-stated reasons, the judgment of the trial court dismissing the Salvation Army's petition challenging the 1995 Will is affirmed.

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and
Karen King Mitchell, Judge, concur.

16