EDWARD R. ARDINI, JR., JUDGE
The Trustee of the Finkle-Rowlett Revocable Trust filed a petition in the probate division of the Circuit Court of Nodaway County for instruction and direction in distributing the trust assets. In response, Gregory Stiens ("Stiens"), a beneficiary under the Trust, filed, inter alia , a petition seeking a declaration that the Second Amendment to the Trust was invalid due *97 to the executor's lack of testamentary capacity at the time of the amendment. Stiens moved for summary judgment on his petition.
The Trustee replied by filing several motions, including a Motion for a Declaratory Finding and a Motion to Dismiss. The first motion requested that the probate court find Stiens had violated the Second Amendment's no-contest, or in terrorem , clause and thereby forfeited his interest in the Trust. The Motion to Dismiss argued that Stiens, based on the forfeiture of his interest, was no longer a beneficiary under the Trust and therefore lacked standing to proceed with his challenge. The probate court entered judgment in favor of the Trustee. Stiens appeals. The judgment is reversed and the case is remanded for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND[1]
Helen W. Finkle-Rowlett executed a trust on August 28, 2009, and served as trustee until her death on June 28, 2016. Prior to her death, Finkle-Rowlett purported to amend her initial distribution directive twice, first in November 2011 ("First Amendment")[2] and again in August 2013 ("Second Amendment"). The amendments added beneficiaries and altered the shares that each beneficiary would receive. Finkle-Rowlett's amendments also introduced a no-contest clause to the Trust providing that any beneficiary challenging the validity of the Trust would lose his or her share.[3]
On January 31, 2017, the successor Trustee designated to serve upon Finkle-Rowlett's death filed a Petition for Instruction and Direction Pursuant to Section 456.2-201.[4] The Trustee sought to correct a scrivener's error in the Second Amendment so that one beneficiary would receive assets that had not been accounted for in the amendment. Each of the designated beneficiaries, except Stiens, consented to the proposed distribution.
On February 24, 2017, Stiens filed a petition challenging the validity of the Second Amendment. Stiens specifically alleged, inter alia , that in August 2012, a petition was filed in the Circuit Court of Platte County seeking the appointment of a guardian and conservator for Finkle-Rowlett, with a statement by Finkle-Rowlett's long-time physician attached stating *98 that she could not make appropriate financial decisions for herself due to progressing dementia and probable Alzheimer's. On November 30, 2012, a Judgment of Disability was entered, and a conservator was appointed on Finkle-Rowlett's behalf. The Second Amendment to the Trust was purportedly executed on August 6, 2013, approximately eight months later. Stiens sought an interlocutory determination pursuant to section 456.4-420 addressing whether pursuit of his claim that Finkle-Rowlett lacked the requisite capacity to execute the Second Amendment would trigger the no-contest clause,[5] a declaration that the Second Amendment was not valid and that the Trust be distributed in accordance with "the First Amendment or other most recently published and properly executed Trust document[,]" and a temporary restraining order to enjoin the distribution of the Trust until the resolution of these issues.
A hearing was held on April 12, 2017, to determine whether Stiens would violate the no-contest clause if he proceeded on his claims. The court entered an Interlocutory Order stating that Stiens, if he chose to proceed on the second and third counts of his petition, would violate the no-contest clause contained in the Second Amendment and forfeit any interest under the Trust.
The parties then proceeded to file several motions. Stiens sought summary judgment on his claim for declaratory relief, alleging that Finkle-Rowlett lacked the requisite legal and mental capacity to execute the Second Amendment to the Trust. The Trustee denied Stiens's uncontroverted facts and argued in response to Stiens's motion that the November 2012 Judgment of Disability determined only that Finkle-Rowlett was disabled and did not address her testamentary capacity.
The Trustee also filed, inter alia , a Motion for Declaratory Finding and a Motion to Dismiss. The Motion for Declaratory Finding requested that the probate court find that Stiens violated the no-contest provision by pursuing his Motion for Summary Judgment on his claims directed at the Second Amendment and thereby forfeited any interest under the Trust. The Motion to Dismiss argued that Stiens's loss of beneficiary status under the Trust terminated his standing to pursue his claims challenging the Second Amendment.
On August 18, 2017, the probate court entered a judgment granting the Trustee's Motion for Declaratory Finding and Motion to Dismiss against Stiens. The probate court explained that Stiens, by proceeding with his Motion for Summary Judgment, violated the no-contest clause and therefore forfeited any interest in the Trust. As a result of this forfeiture, Stiens lacked standing to pursue his claims directed against the Second Amendment. Stiens filed a Motion for Reconsideration, which was denied. The probate court further found that Stiens's claims were ripe for appeal and that there was no just *99 reason for delay. See Rule 74.01(b).[6]
STANDARD OF REVIEW
Stiens appeals, alleging that the probate court erred in dismissing his petition. He specifically contends that he had standing to question the validity of the Second Amendment and, more generally, that no-contest clauses should not apply where a person has "good faith and probable cause to challenge the trust documents."
Whether a court should have granted "a motion to dismiss is a question of law which we review de novo " based on "the grounds raised in the motion to dismiss." Gwyn v. Summers , 514 S.W.3d 628, 631 (Mo. App. W.D. 2017) (citations omitted). "Standing is also a question of law that this court reviews de novo. " Salvation Army, Kansas v. Bank of Am. , 435 S.W.3d 661, 665 (Mo. App. W.D. 2014) (citation omitted).
DISCUSSION
"[S]tanding is a prerequisite to the court's authority to address substantive issues with respect to that party." Salvation Army , 435 S.W.3d at 666 (citations omitted). "A party has standing to sue when it has a justiciable interest in the subject matter of the action." Id. (citation omitted). In arguing that Stiens lacked standing, the Trustee relies on Hawkins v. Lemasters , 200 S.W.3d 57, 61 (Mo. App. W.D. 2006) for the proposition that a party contesting a will or similar instrument has standing if he would "either gain or lose under the contested will."See also Salvation Army , 435 S.W.3d at 666. Accordingly, the Trustee contends that Stiens, by pursuing his claims, triggered the no-contest clause's forfeiture provision, no longer had a beneficiary interest under the Trust, and therefore lacked standing to proceed on his challenge. The probate court agreed, denying Stiens's Motion for Summary Judgment and granting the Trustee's Motion for Declaratory Finding and Motion to Dismiss.
Although no-contest clauses are "to be [strictly] enforced [according to their terms] upon violation without regard to any exception based upon the good faith and probable cause of the contestant[,]"
*100 they must nevertheless be valid to be enforceable. Cox v. Fisher , 322 S.W.2d 910, 913 (Mo. 1959) (citation omitted). For a will or trust (and any amendments thereto) to be valid, the testator must have testamentary capacity, i.e. , be at least eighteen years of age, or emancipated, and of sound mind, at the time of execution. Ivie v. Smith , 439 S.W.3d 189, 200 (Mo. banc 2014) (citations omitted). If the testator lacked testamentary capacity at the time of execution, the will or trust (or any amendments thereto) is deemed void. Id. (citation omitted). The invalidity of a will, trust, or its amendments encompasses all clauses therein, including a no-contest clause, and renders them of no effect and unenforceable. See, e.g. , id. at 199 n.12 (noting that because settlor lacked capacity to amend trust, the amendments and no-contest clauses therein had no effect).
Here, the probate court concluded that Stiens's pursuit of his challenge to the Second Amendment divested him, through operation of the no-contest clause, of any beneficiary interest under the Trust. The loss of interest in turn stripped Stiens of the standing necessary to prosecute his claim. However, the probate court's approach erroneously assumed the validity of the Second Amendment, a proposition that Stiens was specifically challenging. Indeed, the gravamen of Stiens's complaint is that Finkle-Rowlett lacked testamentary capacity to execute the Second Amendment which, if established, would render it void and its no-contest clause unenforceable. As a result, the probate court was required to first resolve the issue of Finkle-Rowlett's testamentary capacity to execute the Second Amendment. Only if the Second Amendment is found to have been validly executed can its no-contest clause be enforced against Stiens.
CONCLUSION
The probate court's dismissal of Stiens's claims for lack of standing is reversed, and the case is remanded for further proceedings consistent with this opinion.
All concur.

When reviewing a judgment on a motion to dismiss, we consider only the facts that were before the trial court at the time of its ruling and view the evidence in a light most favorable to the trial court's ruling. State ex rel. Wyeth v. Grady , 262 S.W.3d 216, 219 (Mo. banc 2008) (citation omitted).

The validity of the First Amendment has not been challenged in this appeal.

The no-contest clause specifically provided:
I have intentionally omitted provisions for any other relative or any other person whether claiming to be an heir of mine or not, and if any person, devisee, or legatee under this Second Amendment to Declaration of Trust, or his or her successor in interest, or any other person who, if I died intestate, would or may be entitled to any part of my Trust, shall directly or indirectly, singly or in conjunction with other persons, seek or set aside this Trust, or attack, oppose or seek to set aside the probate of this Trust, or to impair, invalidate or set aside its provisions, then in any and all of the above mentioned cases and events, whatever interest they seek to obtain or whatever interests the contesting third parties or devisees or legatees under this Trust would otherwise receive if not contesting this Trust shall abate ab initio and they shall take nothing from my Trust, and further, shall be liable for all costs and expense, including attorney's fees that may be incurred in the defense of any such attack above described.

All statutory citations are to the Revised Statutes of Missouri 2016 as supplemented.

Section 456.4-420 provides "an interested person may file a petition to the court for an interlocutory determination whether a particular ... claim for relief by the interested person would trigger application of [a] no-contest clause[.]" Consistent with our opinion herein, even if a court makes an interlocutory determination that an interested person's claim for relief would trigger application of a no-contest clause, the interested person may nevertheless proceed on a claim challenging the validity of the instrument. If the court finds that the instrument is valid, then the person will forfeit his interest pursuant to the no-contest clause. However, if the court finds that the instrument is not valid, its no-contest clause cannot be enforced and the person will retain his beneficiary interest.

All rule citations are to the Missouri Supreme Court Rules (2018).
The Trustee has filed a motion to dismiss this appeal, arguing that Stiens's notice of appeal was not timely. The probate court's rulings of May 18, 2017, that Stiens would violate the no-contest clause if he proceeded with his challenge to the Second Amendment, and of August 18, 2017, dismissing his claims, were not final and appealable because they did not dispose of all claims in the cause of action (the Trustee's Petition for Instruction and Direction remained pending) and they did not make the "express determination that there [was] no just reason for delay" of their appeal. Rule 74.01(b); see also § 456.4-420 (providing that an order determining whether an individual would violate a no-contest clause in a trust instrument by proceeding on a claim for relief may be appealed pursuant to the rules for taking an interlocutory appeal ). In the absence of a determination that "there [was] no just reason for delay" in appealing either the order or later judgment, the decisions remained "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 74.01(b). Stiens filed a Motion for Reconsideration on August 24, 2017, requesting, inter alia , that the court designate that there was "no just reason for delay" in the appeal of Stiens's claims. The court entered its judgment finding that there was "no just reason for delay" on September 29, 2017. A judgment becomes final "thirty days after its entry ..." Rule 81.05(a)(1). The notice of appeal must "be filed no later than ten days after the judgment ... appealed from becomes final." Rule 81.04(1). Thus, Stiens had forty days from the court's judgment on September 29, 2017, and his notice of appeal filed October 26, 2017, was timely. Accordingly, the Trustee's motion is denied.