

## *Missouri Court of Appeals*
### *Southern District*
### *Division One*

| | | |
|---|---|---|
| In re ROMONA WOOLDRIDGE DURABLE POWER OF ATTORNEY, ROBERTA HULL, | ) ) ) ) | |
| Respondent, | ) ) | |
| vs. | ) ) | No. SD36218 |
| MATTHEW HULL, Trustee, | ) ) | FILED: July 8, 2020 |
| Appellant, | ) ) | |
| DAVID YANCEY, Personal Representative of the Estate of Romona Wooldridge, | ) ) ) | |
| Respondent. | ) ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Judge

**APPEAL DISMISSED**

Determining that the appellant lacks standing to appeal the trial court's challenged order, the appeal is dismissed.

### **Factual and Procedural Background**

Robert and Romona Wooldridge initially executed trust agreements in 2005 for the benefit of their descendants. Trust revisions followed, culminating in 2017, when both Robert

1

and Romona[1] executed trust documents that purported to abandon all previous versions of their trusts and restate them in their entirety ("the 2017 Restatements").

The 2017 Restatements provided that, upon the death of Robert and Romona, the remaining trust principal would be distributed to their descendants, defined as children and grandchildren. As of the execution of the 2017 Restatements, Robert and Romona had three descendants as so defined—their daughter, Roberta Hull; their son, Robert Wooldridge, Jr.; and their grandson, Matthew Hull. The 2017 Restatements named Matthew as the successor trustee of the trusts (if Robert or Romona could not serve as trustee) and directed that the trustee disburse from the principal of the trusts "such amounts as Trustee deems advisable" to provide for the health, education, and support of each descendant.[2] The 2017 Restatements also provided that if any descendant died before the complete distribution of his or her share, the remainder would be distributed among the descendant's then-living descendants. This manner of principal distribution was a change from the manner of distribution provided in preceding versions of the trusts.

Following Robert's death in 2018, Roberta commenced this action alleging that because her parents, beginning in 2011, exhibited symptoms of dementia, they lacked capacity and were subjected to undue influence when they executed various legal documents, including the 2017 Restatements. Her petition sought declaratory judgments that the 2017 Restatements are invalid, various accountings, the removal of Matthew as trustee of the trusts, and, as pertinent here, an interlocutory determination under section 456.4-420[3] of the Missouri Uniform Trust Code

---

[1] Because various family members share the same last name, we sometimes refer to them in this opinion by their first names. No disrespect is intended.
[2] Because Matthew is a party to the underlying trial court case in both his individual capacity and in his fiduciary capacity as the trustee of the trusts, for clarity, this opinion refers to him as "Matthew" when referring to him in the former capacity and as "Trustee" when referring to him in the latter capacity.
[3] All statutory references are to RSMo 2016, unless otherwise indicated, and all rule references are to Missouri Court Rules (2019).

("MUTC") that identical *in terrorem* clauses in the 2017 Restatements that purport to disinherit any beneficiary who contests the trusts' provisions ("the no-contest clause") are not enforceable as to the other claims asserted in her petition.[4]  The named parties in the petition included, among others, Robert Jr., as a beneficiary of the trusts, and Matthew, both in his individual capacity, as a beneficiary of the trusts, *and* in his fiduciary capacity as trustee of the trusts ("Trustee").[5]

Before proceeding on any other claims in the petition, the trial court first addressed Roberta's request for an interlocutory determination that the no-contest clause was not enforceable against the other claims asserted by her in the petition.[6]  After receiving oral argument and written suggestions by the parties, the trial court issued an order by docket entry declaring the no-contest clause as not enforceable against the remaining claims asserted in the petition ("the order").[7]

Trustee pursued this interlocutory appeal under section 456.4-420.3.[8]  On appeal, Trustee raises a single point contending that the trial court "erred in finding that the no-contest clause is

---

[4] Section 456.4-420.1 provides:
> If a trust instrument containing a no-contest clause is or has become irrevocable, an interested person may file a petition to the court for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy.

Further, section 456.4-420.2 provides, in pertinent part, that "The [section 456.4-420.1] petition may be filed by an interested person either as a separate judicial proceeding, or brought with other claims for relief in a single judicial proceeding[.]"

[5] Ramona, who was also included as a party, died during the pendency of this appeal.  The personal representative of her estate, David Yancey, thereafter was substituted as a party in her place and stead.

[6] Section 456.4-420.2 provides, in pertinent part, that "If a [section 456.4-420.1] petition is joined with other claims for relief, the court shall enter its order or judgment on the petition before proceeding any further with any other claim for relief joined therein."

[7] The parties' arguments implicitly assume, without expressly so stating, that the order is an "order" by the trial court as defined by Rule 74.02.  We see no reason why that assumption is incorrect.  Conversely, no party asserts or contends, either directly or indirectly, that the order is a "judgment" as defined by Rule 74.01.

[8] Matthew, in his individual capacity on his own personal behalf, filed a separate notice of appeal seeking an interlocutory appeal of the order that was assigned appeal number SD36221 by this Court.  That appeal was dismissed on February 18, 2020, for Matthew's "failure to take the further steps required to secure review of the appeal within the period of time prescribed by applicable court rule or order of the Court."

3

not enforceable against [Roberta]'s claims[.]"  For the reasons set forth hereafter, however, we determine that Trustee has no appellate standing to challenge the order, and dismiss the appeal.

### Discussion

"The right to appeal is purely statutory, and where a statute provides no right to appeal, none exists." *Aldridge v. First Financial Ins. Co.*, 828 S.W.2d 734, 735 (Mo.App. 1992). Where a statute provides for an appeal, "[s]tanding is a threshold requirement.  Without it, a court has no power to grant the relief requested." *In re Estate of Scott*, 913 S.W.2d 104, 105 (Mo.App. 1995).

> Prior to addressing the merits of a claim on appeal, we "must determine whether [the] issues present a justiciable controversy." *Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013). "Justiciability is a 'prudential' rather than a jurisdictional doctrine." *Id.* "A justiciable controversy exists where [1] the plaintiff has a legally protectable interest at stake, [2] a substantial controversy exists between parties with genuinely adverse interests, and [3] that controversy is ripe for judicial determination." *Id.* (quoting *Mo. Health Care Ass'n v. Attorney Gen. of Mo.*, 953 S.W.2d 617, 620 (Mo. banc 1997)). "The first two elements of justiciability are encompassed jointly by the concept of 'standing.'" *Id.* at 774. "Prudential principles of justiciability, to which this Court has long adhered, require that a party have standing to bring an action." *Id.* (quoting *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 298 (Mo. banc 1986)). "Standing requires that a party have a personal stake arising from a threatened or actual injury." *Id.* (quoting *Williams*, 722 S.W.2d at 298). "Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012) (internal citation omitted).

*In Interest of M.B.F.*, 528 S.W.3d 480, 483–84 (Mo.App. 2017).  Lack of standing cannot be waived, and this Court may consider the issue *sua sponte*.  *State ex rel. Mathewson v. Bd. of Election Comm'rs of St. Louis County*, 841 S.W.2d 633, 634 (Mo. banc 1992).

After this Court received the parties' briefs in this appeal, we, *sua sponte*, issued an order raising the issue of Trustee's standing to bring this appeal.  In that order, we observed that, generally, "[a] party is 'aggrieved' when the judgment operates prejudicially and directly on his personal or property rights or interest and such is an immediate and not merely a possible remote

4

consequence." ***Stockman v. Safe-Skin, Corp.***, 36 S.W.3d 447, 449 (Mo.App. 2001). We also compared holdings from ***In re Knichel***, 347 S.W.3d 127, 130 (Mo.App. 2011) (lawyer acting as "special co-trustee" held to not be "an aggrieved party under Missouri law" to challenge a judgment finding a breach of fiduciary duty and removing the lawyer's firm as "special co-trustee"), with ***Matter of T.R. Potter, Jr. Exempt Tr.***, 593 S.W.3d 556, 562 (Mo. App. 2019) (co-trustee who was "subject to a money judgment for attorney's fees and expenses" was "an aggrieved party"). Further, the order permitted the parties to file written suggestions on the issue of Trustee's standing to pursue this appeal.

Trustee, by way of his written suggestions, presents alternative arguments supporting his standing to appeal the order. He asserts, first, that there is no requirement that he, in his capacity as trustee, be aggrieved by the order to pursue this appeal under section 456.4-420.3. His second and alternative argument has two prongs. Trustee asserts, on one hand, that he *is* aggrieved by the order and, on the other hand, that he has standing *on behalf of* some trust beneficiaries who themselves are aggrieved. None of Trustee's arguments have merit.

### *Section 456.4-420.3 Requires an Appellant be Aggrieved by a Trial Court Order to have Standing to Appeal that Order*

"In general, our courts have held that an executor, administrator or trustee is not aggrieved by a decree or judgment determining his duty and the rights of the beneficiaries, or both, and so has no such interest as will support an appeal, inasmuch as he is protected by the decree." ***Matter of Heisserer***, 797 S.W.2d 864, 869 (Mo.App. 1990); *see also* ***Krause v. Tullo***, 835 S.W.2d 488, 491 (Mo.App. 1992) (finding that a personal representative of a decedent's estate had no standing to challenge a judgment construing the *in terrorem* clause in the decedent's will).

As discussed and explained by the Eastern District of our Court in **Knichel**, nothing in Missouri's adoption of the MUTC, effective January 1, 2005, changed that requirement. **Knichel**, 347 S.W.3d at 130. "Trusts … are governed by chapter 456, the Missouri Uniform Trust Code (MUTC), which does not address appellate standing, so any right of appeal must lie in the general appeals statute, section 512.020." **Id.** The **Knichel** court then proceeded to determine that the trustee appellant there was not aggrieved by the trial court judgment being appealed, as required by section 512.020, and therefore, did not have standing to appeal that judgment. **Id.** at 130-32.

Trustee here argues that he is not required to be aggrieved by the order to have standing to appeal the order. This argument is premised on Trustee's narrow reading of section 456.4-420, the statute that was adopted by the legislature in 2014, effective August 28, 2014, and relied on by Roberta in challenging the enforceability of the no-contest clause.

Our Supreme Court recently summarized the procedure under this statute as follows:

> The statute provides "for an interlocutory determination whether a particular ... petition ... by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy." Section 456.4-420.1. Upon consideration of the language of the clause, the relationship of the clause to the trust instrument, and the facts of the petition, the circuit court makes a determination that "result[s] in the no-contest clause being enforceable to the extent of the court's ruling." Section 456.4-420.4. *This determination is subject to appeal*. Section 456.4-420.3.

**Knopik v. Shelby Investments, LLC**, 597 S.W.3d 189, 193 (Mo. banc 2020) (emphasis added).

Here, we are confronted with such an appeal. The first two sentences of section 456.4-420.3 are pertinent and dispositive:

> *An order* or judgment determining a petition described in subsection 1 of this section shall have the effect set forth in subsections 4 and 5 of this section, and *shall be subject to appeal as with other final judgments*. If *the order* disposes of fewer than all claims for relief in a judicial proceeding, that order is subject to interlocutory appeal in accordance with the applicable rules for taking such an appeal.

6

Section 456.4-420.3 (emphasis added).

In considering section 456.4-420.3, "[t]he primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). "'The legislature is presumed to have intended what the statute says, and if the language used is clear, there is no room for construction beyond the plain meaning of the law.'" *State ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 17 (Mo.App. 2011) (quoting *State v. Sharp*, 341 S.W.3d 834, 839 (Mo.App. 2011)).

Trustee asserts that no provision in section 456.4-420.3 expressly requires that an appellant be "aggrieved" in order to pursue an appeal of a no-contest clause determination under section 456.4-420. In support of this assertion, Trustee focuses exclusively upon the second sentence in section 456.4-420.3 as giving him standing to pursue an interlocutory appeal of the order. Trustee ignores and fails to address, however, that the first sentence in section 456.4-420.3 provides that "[a]n order … shall be subject to appeal as with other final judgments" and that "the order" referenced at the beginning of the second sentence addressing an interlocutory appeal refers back to "an order" as referenced in the first sentence. Thus, under the plain and ordinary language in the first two sentences of section 456.4-420.3 when read together, any order determining the enforceability of a no-contest clause under section 456.4-420 is subject to appeal "as with other final judgments."

As a general matter, and as discussed and applied in *Knichel*, appeals of "final judgments" are governed by section 512.020. *See* section 512.020(5); *Knichel*, 347 S.W.3d at 130. That statute states, in pertinent part, that "[a]ny party to a suit *aggrieved* by any judgment

7

of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction[.]" Section 512.020 (emphasis added). A party purporting to appeal a final judgment is required to be aggrieved by that judgment in order to have standing to appeal. *Id.* We conclude, therefore, that to pursue an appeal of a trial court order under section 456.4-420.3 "as with other final judgments," the appealing party must be aggrieved by the challenged trial court order in the same manner as required for an appeal of a final judgment governed by section 512.020. Trustee's argument otherwise, which focuses exclusively on the second sentence of section 456.4-420.3 in isolation, ignores and fails to account for the legislature's use of the words "an order" and the phrase "as with other final judgments" in the first sentence of that section.

### Trustee is not Aggrieved by the Order

Trustee alternatively argues that he is aggrieved by the order because the trial court's refusal to enforce the no-contest clause impedes his duty to protect, enforce, and defend the terms of the trusts. Trustee supports this argument with case citations and citations to the MUTC, which generally stand for the principle that trustees have such a duty. None of those general sources, however, address or involve the application of the asserted duty in relation to a trustee's standing to pursue an appeal.

Moreover, Trustee fails to demonstrate in the context of this case how the order impinges in any respect upon this asserted duty. The order has no impact upon Trustee's ability to protect, enforce, and defend the validity of the 2017 Restatements. *See Finkle-Rowlett Revocable Tr. Dated August 28, 2009 v. Stiens*, 558 S.W.3d 95, 100 (Mo.App. 2018) (validity of trust instrument containing no-contest clause must be resolved first before that clause can be enforced). Rather, similar to the trustee in *Finkle-Rowlett*, *id.*, Trustee's argument here assumes the validity of the 2017 Restatements in the first instance. If the 2017 Restatements are

8

ultimately determined to be invalid, however, then the no-contest clause is not enforceable, *see id.*, as the order so determines. On the other hand, if the 2017 Restatements are ultimately determined to be valid, the order then informs Trustee as to the identity of the beneficiaries ultimately entitled to distributions from the trusts. In that latter context, the order determines and delineates Trustee's duties under the trusts, and Trustee's compliance with the order, protects Trustee. *Heisserer*, 797 S.W.2d at 869.

"'A party is 'aggrieved' when the judgment operates prejudicially and directly on his personal or property rights or interest.'" *Knichel*, 347 S.W.3d at 130 (quoting *Betty G. Weldon Revocable Trust ex rel. Vivion v. Weldon ex rel. Weldon*, 231 S.W.3d 158, 168 (Mo.App. 2007)). Here, Trustee does not allege or argue nor is there anything in the record to indicate that, in his role as trustee, any of his personal or property rights or interests are at stake because of the order. Trustee, therefore, is not "aggrieved" by the order.

### Aggrieved Beneficiary does not Provide Trustee Standing to Appeal

Finally, we turn to Trustee's argument that he need not have been aggrieved in his capacity as trustee to have standing to appeal so long as he is representing some of the trust beneficiaries who are themselves aggrieved. This argument is premised on the MUTC's definition for "interested persons," which

> include beneficiaries and any others having a property right in or claim against a trust estate which may be affected by a judicial proceeding. *It also includes fiduciaries and other persons representing interested persons.* The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding[.]

Section 456.1-103(11) (emphasis added).

Trustee may be correct that the provisions of section 456.1-103(11) *could* grant a trustee standing to pursue an appeal as a representative on behalf of beneficiaries under certain circumstances. *Knichel*, *supra*, addressed this issue in *dicta* stating:

9

> The second sentence of the definition clearly enables a fiduciary or personal representative to participate in litigation on behalf of trust beneficiaries. Thus, a fiduciary would have standing under section 512.020 to appeal on behalf of a beneficiary aggrieved by the lower court's judgment. It does not follow, however, that the foregoing statutes grant a fiduciary standing to advance his personal interests unrelated to those of his protectees.

347 S.W.3d at 130; *see also* section 456.3-303(6) (stating that "a trustee may represent and bind the beneficiaries of the trust" under certain exceptions that are discussed by this opinion, *infra*). The ***Knichel*** Court then proceeded to determine that the facts and circumstances presented in that case—the removal of a special co-trustee for breaching his fiduciary duties—amounted to "self-interested grievances" that provided no legal basis for standing to appeal. ***Id.*** at 131–32.

A different result was reached, however, in ***Potter***, *supra*. The Court in that case determined that the trustee appellant there had standing to pursue his claims on appeal on two bases. First, the money judgment against the trustee for attorney's fees and expenses gave him standing to challenge those awards. 593 S.W.3d at 562. Second, which is relevant here, because the trustee there was acting as a fiduciary on behalf of a beneficiary's "son and any future children, as contingent remainder beneficiaries of the trust assets, [who] are aggrieved by the probate court's interpretation of the trust[,]" the trustee had standing to challenge that interpretation. ***Id.***

Trustee argues that this case is akin to the latter rationale for standing identified in ***Potter*** and that, under that rationale, he has standing because he is pursuing the beneficiaries' rights under the 2017 Restatements (presumably excluding those of his mother, Roberta, whom, as Trustee claims, should be disinherited under the no-contest clause).[9] We disagree. This case is distinguishable from ***Potter*** because Trustee is, individually, *also* a trust beneficiary. Although

---

[9] Although not implicated in our analysis, we observe that section 456.8-803 provides that "[i]f a trust has two or more beneficiaries, the trustee shall act impartially in investing, managing, and distributing the trust property, giving due regard to the beneficiaries' respective interests."

there are provisions in the MUTC that may permit trustee representation of beneficiaries as suggested by Trustee, section 456.3-303(6) permits that representation only "[t]o the extent there is *no conflict of interest* between the representative and the person represented or among those being represented with respect to a particular question or dispute[.]"[10] (Emphasis added.) Trustee's authority under the trusts, in which he can disburse trust principal amounts he "deems advisable" to beneficiaries, notably himself, presents a clear conflict of interest that precludes him, by section 456.3-303(6), from stepping in the shoes of and representing any other beneficiaries of the trusts. Matthew *could have* but chose not to appeal the order in his capacity as an aggrieved trust beneficiary.[11] As a conflicted trustee under section 456.3-303(6), however, Trustee does not have statutory authority and standing to appeal on behalf of himself as a beneficiary or on behalf of any other trust beneficiary.

For the foregoing reasons, Trustee lacks standing to appeal the order.

### Decision

The appeal is dismissed.[12]


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J – CONCURS

---

[10] Section 456.3-303 provides, in relevant part, that "To the extent there is no conflict of interest between the representative and the person represented or among those being represented with respect to a particular question or dispute:… (6) a trustee may represent and bind the beneficiaries of the trust[.]"

[11] *See* footnote 8.

[12] All motions that were filed and taken with this appeal are hereby denied.